The Chicago, Rock Island and Pacific Railway Co.

*v.*

Arthur Rathburn.

*Opinion filed June 19, 1901.*

Trial—*large discretion is left to the trial judge as to range of cross-examination.* A large discretion is necessarily left to the trial judge in determining the range proper to be allowed counsel in cross-examining witnesses.

*C., R. I. & P. Ry. Co.* v. *Rathburn,* 90 Ill. App. 238, affirmed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. Dunne, Judge, presiding.

The following statement of the case is taken from the opinion of the Appellate Court:

"Appellee was a switchman employed by appellant, and at the time of the injury was at work making up a

train of freight cars in appellant's yards at Blue Island, near Chicago. While engaged in coupling two cars together his left foot was caught upon a rail by the wheel of the moving car that he was coupling, and crushed, and he was otherwise severely injured.

"The specific negligence charged in the single count of the declaration is the permitting to remain between the tracks of a pile of cinders, upon and against which appellee stepped, without knowing or having reason to know of its presence, whereby his foot was caused to slide or slip down upon the rail and be caught by the car wheel.

"The yards where the accident happened ran lengthwise from north to south, and were extensive,—in the neighborhood of a mile long and about fifty tracks wide. The tracks were numbered from west to east, and it was between tracks numbered 32 and 33 that the particular pile of cinders in question is claimed to have been. A viaduct extended across the tracks, and the accident occurred in that part of the yards north of it. It was shown, and is not disputed, that the spaces between the tracks in different parts of the yards had been to a considerable extent filled in and graded with cinders and ashes hauled from a locomotive ash-pit near the roundhouse, and distributed, by dumping from loaded cars, wherever needed for raising or leveling up the yards. It was the custom to level off the piles so made, shortly after being dumped. The chiefly contested fact in the case was whether there existed, or not, a pile of cinders that had not been leveled off, or so high as to be dangerous, at the point where appellee stepped back from between the cars he was coupling. * * * Some eight or nine witnesses in behalf of appellee testified that the pile was there in a condition that would readily make the accident liable to occur in the manner testified to by appellee, and an equal or greater number of witnesses in behalf of appellant testified to the exact contrary. It

was the peculiar province of the jury to determine what the truth was in such respect."

W. T. Rankin, (Robert Mather, of counsel,) for appellant.

James C. McShane, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This record is before us for review on the appeal of the defendant below from the judgment of the Branch Appellate Court affirming the judgment of the circuit court of Cook county. The only question of law presented here for decision is, whether or not the trial court erred, to the prejudice of the defendant in that court, in its rulings respecting the admission and exclusion of evidence. This question has been somewhat obscured by the voluminous arguments of counsel upon questions of fact,—questions which have been conclusively settled by the Appellate Court.

The plaintiff's case was not based upon any defect in the construction of the tracks or the switch-yard of the defendant, but upon its alleged negligence in permitting a pile of cinders to be and remain between its tracks numbered 32 and 33 north of the viaduct, and so near the outside of the rail as to endanger the safety of its switchmen, of whom the plaintiff was one, while performing their duties in coupling cars. The plaintiff could not, therefore, properly recover or be aided in his suit by proof of negligence of the defendant in depositing piles of cinders, and permitting them to remain, in other places in its extensive switch-yard, and which in no way contributed to plaintiff's injury. But counsel for appellant claim that precisely such proof was adduced by the plaintiff over their objection, and that harmful error was thus committed. The record shows that the plaintiff confined himself, in the first place, in adducing his evidence, to the place where the accident happened, but on cross-

examination the defendant's counsel first brought out testimony tending to show the condition of the tracks south of the viaduct and in other parts of the yard with reference to deposits of cinders and whether such deposits had been leveled, and whether plaintiff, from his knowledge of the yard and his familiarity with its general condition, did not know or should not be presumed to have known of the alleged pile of cinders which, as alleged, caused the injury, and so to have assumed the risk. It was not error to permit the plaintiff to follow the defendant in this line of proof. Besides, such testimony by the plaintiff was brought out on cross-examination of defendant's witnesses, and in most instances was made necessary by prior statements of such witnesses themselves with reference to the matters inquired about. The questions and answers were not permitted to prove negligence other than that charged or at any other time or place, but rather to test the knowledge and memory of witnesses respecting matters to which they had testified. We are of the opinion that no greater latitude was allowed on cross-examination than was permissible under the rules governing the production of evidence. A large discretion is necessarily left to the trial judge in determining the range proper to be allowed counsel in cross-examining witnesses. Nor can we conclude from the answers given to the cross-questions complained of, that defendant was, or could have been, prejudiced in any way,—especially in view of the explicit instruction of the court to the jury confining the testimony, and the alleged right of recovery, to the specific act of negligence complained of in the declaration. The questions chiefly contested were questions of fact, and these were settled adversely to appellant before the case reached this court.

We find in the record no error to justify a reversal of the judgment, and it will therefore be affirmed.

*Judgment affirmed.*