## Sylvester Hall, Appellee, v. Gillespie Township Mutual Home Insurance Company, Appellant.

1. EVIDENCE—*when veterinary surgeon qualified as expert.* Where a mule insured against damage from lightning is found dead near a wire fence and there had been lightning during a shower on the preceding night, a veterinary surgeon, who testified to his experience of thirty-eight years as a veterinarian and to his professional knowledge and observation of animals killed by lightning, may be asked a hypothetical question.

2. WITNESSES—*when cross-examination proper as to statements not admissible as original evidence.* Mules were claimed to have been killed by lightning and the president of a defendant lightning insurance company undertook to detail what the owner said to him. On cross-examination he was asked to give the exact language and this developed what the owner told the witness that his wife had said about a shower. *Held*, although the wife's statement was inadmissible as original evidence, the plaintiff could not be barred from cross-examining the witness as to such statements.

Action on a policy of insurance. Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed June 5, 1912.

RINAKER & RINAKER, for appellant.

EDWARD C. KNOTTS, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Plaintiff brought suit before a justice of the peace on a policy of insurance issued by defendant insuring plaintiff's horses and mules against damage by fire or lightning. From the judgment before the justice an appeal was taken to the Circuit Court, where a verdict was returned for $125 in favor of the plaintiff upon which judgment was rendered, and from which defendant appeals.

The record shows that one of the mules insured was found dead on the morning of April 21st, near a wire fence in plaintiff's pasture, and that there had been a shower with lightning and thunder in that vicinity during the preceding night. Defendant contends that the court erred in admitting the testimony of Dr. Blockburger, a veterinary surgeon, who qualified as an expert by testifying to his experience of thirty-eight years as a veterinarian and his professional knowledge and observation of animals killed by lightning. The objection to the hypothetical question asked the witness was properly overruled.

It is also insisted that court erred in admitting evi-

dence of a statement made by plaintiff's wife. Anderson, the president of defendant company, undertook to detail in his evidence in chief on behalf of defendant, what the plaintiff had said to him. On the cross-examination of Anderson, he was asked to give the exact language of the conversation and this developed what plaintiff told Anderson his wife has said about the shower. The defendant having first examined the witness about the conversation, the plaintiff was properly entitled to cross-examine about the same conversation. The statement made by plaintiff's wife to plaintiff was inadmissable as original evidence for plaintiff, yet plaintiff could not be barred from cross-examining the witness as to what Anderson testified plaintiff told him his wife had said. The defendant might have controlled the effect of such evidence by an instruction, but has no reason to complain of the admission of evidence that it introduced. Such cross-examination was a right not a privilege. Spohr v. City of Chicago, 206 Ill. 441.

The evidence presented on behalf of the respective parties was in direct conflict on the merits of the case. There is not a clear preponderance on either side, hence the finding of facts was peculiarly within the province of the jury. The verdict having been approved by the trial court, this court has no right to set it aside unless it is clearly and manifestly against the weight of the evidence.

Defendant also assigns as error the refusal of an instruction asked by it. All of that instruction, that was proper to be given to the jury, was given in defendant's first and second instructions, but the instruction was otherwise properly refused because of its argumentative nature.

There being no error in the case, the judgment is affirmed.

*Affirmed.*