(No. 34817.—

THE COUNTY OF COOK, Appellee, *vs.* COLONIAL OIL COR-
PORATION *et al.*—(JACK KIRKA, Appellant.)

*Opinion filed September 18, 1958—Rehearing denied Nov. 24, 1958.*

DANIEL A. GALLAGHER, of Chicago, for appellant.

BENJAMIN S. ADAMOWSKI, State's Attorney, BLAIR VARNES, and FRANK S. RIGHEIMER, all of Chicago, (FRANK S. RIGHEIMER, JR., of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Appellant, Jack Kirka, appeals directly to this court from a judgment in his favor and against the county of Cook, entered by the superior court of Cook County, in the amout of $52,000 as full compensation for the taking of appellant's property by eminent domain proceedings.

The county of Cook instituted eminent domain proceedings to acquire the parcel of land in question and other parcels for the South Route Expressway, a State-aid route and a Federal-aid interstate route.

The trial before the jury was on the sole question of the fair cash market value of the subject property as of March 27, 1957, the date of the filing of the petition to condemn. The property consisted of a two-story and basement, ordinary construction, apartment building containing eight flats situated at the southeast corner of 76th Street and

Lafayette Avenue in the city of Chicago on a lot 40 feet by 160 feet deep to a 16-foot alley. The land is zoned for duplexes and the gross rental of the building in question was $8,340, with a net rental of about $3,800.

The county of Cook presented two opinion witnesses and the defendant four opinion witnesses as well as two other witnesses. Petitioner's witnesses valued the property at $50,000 and $49,000 respectively and defendant's opinion witnesses testified to values varying from $65,000 to $72,500.

The jury, after viewing the property, made an award of $52,000, and, after a post-trial motion by defendant was denied, this appeal followed.

The defendant contends that the jury's verdict and the judgment thereon should be reversed and remanded for new trial for the following alleged errors: (1) because of the trial court repeatedly making remarks and interposing rulings adverse to the appellant when no objections were made by opposing counsel, repeating unnecessary admonitions to appellant's counsel and interposing erroneous rulings on its own volition; (2) the admission in evidence of sales prices of two pieces of property; (3) the admission in evidence of the photograph of certain property at 69th and Princeton; (4) the trial court ruling as to the right of an appraiser to take into consideration reproduction costs; and (5) the trial court permitting petitioner's counsel to engage in conduct and to make a closing argument to the jury that was unfair, insulting, full of ridicule of appellant's witnesses and counsel, and so insinuating and vindictive as to be highly prejudicial to appellant.

It is well established that where an award is made by a jury in a proceeding in which the evidence is conflicting, and the jury views the property and fixes the amount of compensation within the range of the evidence, such a verdict will not be disturbed unless there has been a clear and palpable mistake or the verdict was the result of pas-

sion or prejudice. *City of Chicago* v. *Harrison-Halsted Building Corp.*, 11 Ill.2d 431; *Department of Public Works and Buildings* v. *Lambert*, 411 Ill. 183; *City of Chicago* v. *Vaccarro*, 408 Ill. 587; *Forest Preserve Dist.* v. *Dearlove*, 337 Ill. 555.

Inasmuch as the verdict in the case at bar is well within the range of the testimony presented and the jury did view the property in question, we have carefully and thoroughly read the record in this case to determine whether or not there was a clear mistake of law or conduct from which it must be concluded that the verdict was the result of passion or prejudice on the part of the jury.

As to the first error assigned by appellant, we must observe that the defendant does not contend in his briefs and argument that the jury's verdict is contrary to the preponderance of the evidence or that the verdict would have been other or different if the things he complains about had not occurred. There is no error assigned as to instructions given to the jury, so we must assume that the jury was fully, completely and correctly instructed as to the law of the case and that they followed the law in reaching their verdict. It is true that where a cause is tried before a jury the trial judge must not indicate by his conduct either favor or disfavor towards parties or witnesses. (*People* v. *Giacomino*, 347 Ill. 523.) At the same time the trial court has discretion in limiting cross-examination, and where facts have already been stated by a witness, questions which have for their object the repetition by a witness of what he has already said may be disallowed by the court. (*Spohr* v. *City of Chicago*, 206 Ill. 441; *Chicago City Railway Co.* v. *Cooney*, 196 Ill. 466.) Also, a trial court may properly give his reason for rulings upon evidence and must be accorded a reasonable latitude in so doing. *Chicago City Railway Co.* v. *McLaughlin*, 146 Ill. 353.

The first complaint of defendant is of a ruling by the

court on its own motion that counsel for defendant was not to direct an argumentative question to the witness Shlaes. On direct examination the witness had testified he had worked for the county of Cook and earlier, on his cross-examination, had testified that he had represented the county in acquiring property. Thereafter defendant's counsel asked a question "You said on direct examination you represented the County of Cook" to which the court interposed an objection that counsel was arguing with the witness. The next time the court sustained an objection on his own motion was in an immediate subsequent cross-examination of the same witness. After the witness had stated he had helped negotiate for the purchase of property by certain public bodies the following occurred:

"Q. And under those conditions there was always present the right of the public body to condemn?

A. Certainly.

Q. That was not an indication of market value was it?

A. I don't maintain that it was.

Q. Well, I'm asking—was it or wasn't it?

A. No it was not an indication except that I personally will not make a settlement except I think it is a fair market value.

Q. I see. But that experience you had in appraising for those public bodies was not a sale between a private party to a private party?

A. No.

The Court: He said no.

Mr. Gallagher: Q. That experience was of no help to you in determining the market value was it?

A. Yes it was.

The Court: You are arguing.

Witness: In this way, Mr. Gallagher.—

The Court: You can argue later if you want.

Witness: If an appraiser—

72

The Court: I sustain an objection to that question."

Complaint is also made of the following voluntary action on the part of the court:

"Q. I don't know what type of heating plant there was in this—do you?

A. I sure do.

The Court: Now you are arguing again, counsel.

Mr. Gallagher: I am responding to a question.

The Court: The question was pure argument. We will cut out cross-examination if there is too much of it."

It is apparent from an examination of these instances complained of that the court's only interest in intervening was to curtail argumentative and repetitious cross-examination by the attorney for the defendant and to have the trial proceed in a proper manner. The court was not expressing an opinion as to value or credibility of the witness's testimony or as to the ultimate issue of fair market value involved in the case. In our opinion, from examining the record, there was no error on the part of the trial court in the remarks and rulings interposed by the court such as to create prejudicial error.

The defendant also assigns error on the following ruling by the court:

"Q. All right. Now, did you ever take into consideration the replacement costs?

A. No, sir.

Q. Didn't take that into consideration?

A. You can't build a building like that today. It practically covers the lot. It is impossible.

The Court: Strike the answer. Replacement cost is not a legal method. He can't take it into consideration, counsel.

Mr. Gallagher: Well, I take exception to that, Judge.

The Court: All right."

Defendant contends that such ruling was an erroneous statement of law and oral instruction to the jury and reversible error.

This court has held in *Department of Public Works and Buildings* v. *Pellini*, 7 Ill.2d 367, that a witness may consider replacement cost as a factor in making up an appraisal of the fair market value of property. In a more recent case, *Chicago Land Clearance Com.* v. *Darrow*, 12 Ill.2d 365, it was held that it is the duty of the trial court, in such matters, to rule so as to discourage probing into reproductive costs and prevent any statement by a witness as to the replacement cost value as a separate item in his valuations. Consequently it would appear that the trial court, in stating that replacement cost is not a legal method and that the witness cannot take the same into consideration, was in error. However, the quoted questions and answers show that the witness testified that he did not take into consideration the replacement costs because the building in question covered the whole lot and it would be impossible to reconstruct such a building today.

A later examination of one of defendant's opinion witnesses disclosed that his opinion was based upon both the economic factor and reproduction costs. On objection by petitioner's counsel the court ruled that the replacement or reproduction costs as being an element should be left to stand. Consequently an examination of the record discloses that no erroneous testimony concerning reproduction costs, or its use as a factor in arriving at value, was presented to the jury. We are therefore of the opinion that the first and fourth errors assigned by defendant do not constitute reversible error.

As to the defendant's complaint that two sales were erroneously admitted in evidence by the trial court, the record shows that petitioner's witness Dana testified as to the similarities of the two other pieces of property which had previously been sold to the property being condemned, and other witnesses of petitioner produced tangible evidence of the terms of such sales. Witnesses for the defendant testified as to dissimilarities of the subject properties. Ample op-

portunity was given counsel for the defendant to cross-examine all witnesses concerning the properties in question. The record shows that there were numerous strong areas of similarities between the two properties and the property in question. In *City of Chicago* v. *Vaccarro,* 408 Ill. 587, we said: "This court recognizes that 'similar' does not mean 'identical', but means having a resemblance, and that property may be similar in the sense in which the word is here used though each possesses various points of difference. (*Forest Preserve Dist.* v. *Lehmann Estate, Inc.,* 388 Ill. 416.) Where, as in this instance, a reasonable basis for comparison exists between the property sold and that being condemned, evidence of the sale is not incompetent, and the dissimilarities between the properties, which are disclosed to the jury, affect the weight and value of the testimony rather than its competency. (*Forest Preserve Dist.* v. *Folta,* 377 Ill. 158.)"

It is clear from the facts of this case that the court properly admitted in evidence the testimony concerning similar sales, for the jury to determine, weigh, and value in the light of their actual inspection of the premises in question, and that the testimony was not incompetent.

The court also admitted in evidence, on petitioner's motion, a certain photograph of property the sale of which had previously been admitted in evidence. Proper foundation had been laid for its introduction as being a true, realistic and accurate portrayal of the property in question. Defendant produced as a witness the owner of such property who identified the photograph in question as a picture of his building. By the same witness defendant brought out before the jury dissimilarities of that property to the property in question. Consequently, not only was the photograph properly admitted in evidence for consideration by the jury, but the jury had before it full and complete explanation of any dissimilarities.

Counsel for defendant also characterizes the closing argument of petitioner's counsel as "unfair, insulting, full of ridicule of respondent's witnesses and counsel, and so insinuating and vindictive as to be highly prejudicial to the respondent." First of all, counsel for defendant, who is admittedly experienced in condemnation, made no objection to any of the opening argument of counsel for petitioner and no objection to any of the supposedly objectionable remarks made by petitioner's counsel in his final argument. We have consistently held that experienced counsel cannot take a chance of failing to make objections and then, upon receiving what they consider an adverse jury verdict, claim error. (*City of Chicago* v. *Vaccarro,* 408 Ill. 587.) The only objections counsel for defendant made to any of the argument of counsel for petitioner were directed to matters other than those which defendant, in his brief, states to be grounds for reversal. Certain of the alleged errors in reference to argument pertain to objections made by counsel for petitioner to argument of the defendant's counsel. Without passing on whether such objections were well made, it must be observed that the court permitted counsel for defendant to make his argument without limiting him in any way, and there is no rational basis to find error in the objections made by petitioner's counsel to defendant's argument. The other alleged errors of prejudicial argument, when examined in connection with the entire argument and the evidence before the jury, were not such as to prejudice the rights of appellant before the jury and we can find nothing in this record to indicate that the verdict was the result of passion or prejudice, that there was any clear and palpable mistake of law which would mislead the jury, or that a new trial of this cause would result in any different verdict.

Since substantial justice appears to have been done between the parties, we are of the opinion that the judgment

76

entered herein should be affirmed. *West Chicago Park Comrs. v. Boal,* 232 Ill. 248; *Chicago Land Clearance Com. v. Darrow,* 12 Ill.2d 365.

*Judgment affirmed.*