E. A. Meyer Construction Co., an Illinois Corporation, Plaintiff and Counter-Defendant Appellee, v. Joseph J. Drobnick and Jerome P. Drobnick, d/b/a Drobnick Realty Co., Defendants and Counter-Plaintiffs, Appellants.

Gen. No. 11,832.

Second District.

May 14, 1964.

Rehearing denied July 2, 1964.

Mark Drobnick, of Waukegan, for appellants.

Runyard, Behanna, Conzelman & Schultz, of Waukegan, for appellee.

ABRAHAMSON, P. J.

This is an action at law commenced by the Plaintiff, E. A. Meyer Construction Co., an Illinois corporation, to recover the balance due with interest on an oral contract entered into on or about March 17, 1955, wherein the Plaintiff installed sewer and water mains for Joseph J. Drobnick and Jerome P. Drobnick, d/b/a Drobnick Realty Co., the Defendants. The Plaintiff seeks to recover the balance due of $3,500 together with interest of $3,122.73 on the theory that the Defendants had agreed to pay interest at the rate of 6%. The Defendants contend that the payments due the Plaintiff were to be made upon the sale of lots in Park Estates Subdivision where the installation took place and that they did not agree to pay interest.

The Defendants counterclaimed stating the Plaintiff by a written contract dated December 31, 1957, agreed to purchase 90,000 cubic yards of sand for $25,200 from other premises. The contract further provided ". . . entire worked area after removal of such sand, will all be bladed off to fill all holes and ruts, and that the side banks will also be graded and properly sloped with a two to one slope. The general bottom, as established by removal of the sand, of the excavated portion to be LEVELED within a foot more or less, into one plain and such job to be done in a good

workmanlike manner. Top soil to be placed back over and into a rough grading job." 67,868 cubic yards of sand were removed for which Defendants received the sum of $18,984. Defendants seek to recover the balance due under the contract price, namely $6,216 together with damages for breach of contract and failing to comply with the provisions of the grading and leveling above quoted.

Judgment was entered on a jury verdict wherein Plaintiff's damages were assessed in the sum of $5,000; the jury finding against the Defendants on the counterclaim. Defendants seek a reversal and a remandment for a new trial stating that the verdict was contrary to the law and against the manifest weight of the evidence.

Mr. E. A. Meyer for the Plaintiff testified that the Defendants agreed to pay interest at 6% on the balance due and denied that the Plaintiff was to wait for its money until the Defendants could sell the land where the mains were installed; Mr. Joseph J. Drobnick, for the Defendants stated that the payment was to be made from and out of the proceeds of the lot sales that fronted on the streets wherein the sewer and water mains were installed.

Additional proof by the Defendants consisted of an exhibit, a portion of a statement appearing in the books of account of the Plaintiff, indicating the total amount due of $9,500 and subsequent credits of payments commencing March 8, 1957, to December 6, 1960, showing an unpaid balance of $3,500 with no interest computations appearing thereon. This appears to be in substance all of the proofs offered by the parties on the Complaint.

On the Counterclaim the trial court correctly instructed the jury that it should not consider any further sum due for sand for failure to remove 90,000 cubic yards of sand in that the contract qualified the quantity to be removed by the words "more or less"

54

and "quantity as agreed between National Gypsum Co. and E. A. Meyer Construction Co." The record is barren of any evidence as to the quantity agreed upon between National Gypsum Co. and the Plaintiff.

The eastern end of the excavation after the removal of the sand was approximately ten feet lower than the western end of the excavated bottom. It was estimated by Mr. Thacker, an engineer, that the cost to level to a horizontal plain would be $12,000. The testimony of the Plaintiff who apparently had experience in this type of work was in the sum of $6,000. Pertinent provisions of the contract pertaining to this issue are as follows:

> "Buyers further guarantee and agree that the general bottom, as established by removal of the sand, of the excavated portion to be LEVELED within a foot, more or less into one plain. . . ."

The trial court interpretated this provision we assume from the refused instructions to the jury, that a level plain is not necessarily horizontal, which construction this Court approves. Further testimony was adduced by the Plaintiff and the Defendants as to the condition of the excavated portion upon removal of the sand. On behalf of the Plaintiff testimony was submitted that the excavated portion was level within one foot, more or less; that the top soil was placed back over it; a rough grading job completed and that all requirements of the contract had been complied with. Defendants' proofs were that the excavation was not level and that the rough grading had not been completed or done.

 From the evidence above quoted pertaining to the original Complaint and Counterclaim it is apparent there was a conflict in the testimony and as a reviewing court we cannot substitute our judgment for that of a jury in passing on the weight of the evidence and the credibility of the witnesses. Collister

v. Allen E. Kroblin, Inc., 30 Ill App2d 288, 174 NE2d 911. It is a well established rule that where the evidence is conflicting in order for a verdict to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent. Stone v. Guthrie, 14 Ill App2d 137, 144 NE2d 165. Likewise, a verdict should not be set aside merely because the jury could have drawn different inferences from the evidence. Danhof v. Osborne, 10 Ill App2d 529, 135 NE2d 492. On this question the jury found fit to accept one of the two conflicting versions on both the complaint and the counterclaim. We cannot see that a conclusion opposite to that reached was grossly apparent. In such situations this court will not substitute its judgment for that of the jury.

██ It is further contended by the Defendants that the verdict should be set aside and a new trial granted because of prejudicial closing argument on the part of Plaintiff's counsel. The closing arguments of counsel are not contained in the report of proceedings. The prejudicial argument is based solely on an affidavit of one of the Defendants contained in the record. A reviewing court cannot pass upon the issue of prejudicial final arguments of counsel without such arguments being contained and reported in the transcript of proceedings. People v. Brown, 3 Ill2d 623, 122 NE 2d 153.

██ It is next urged by the Defendants that the Court erred in refusing certain of the tendered instructions. Two of the instructions tendered by the Defendants pertain to the claim for loss of rental income for the premises from which sand was removed. No probative testimony was adduced on the loss of rental income and the Court properly refused these two instructions.

██ Defendants' instruction quoting Illinois Revised Statutes 1961, chapter 110, section 38(1) per-

56

taining to the nomenclature of various claims made by the Defendants appears to be unnecessary in view of Illinois Pattern Jury Instructions and would only tend to confuse the jury.

The remaining instructions tendered by the Defendants and refused appear to be in the format of instructions employed prior to the adoption of Supreme Court Rule 101.25–1, chapter 110, Illinois Revised Statutes which required instructions to be "simple, brief, impartial and free from argument." None of the instructions tendered appear to be in keeping and in compliance with Illinois Pattern Jury Instructions and were properly refused.

Defendants next contend it was error in not allowing Spencer to make an estimate of the cost of leveling the ground into a level plain. Although Spencer's occupation was excavating and grading his estimate was produced by going upon the property in October of 1962, more than four and one-half years after the job was completed, there being no testimony that the condition of the premises was the same as January of 1958. The question propounded to him was predicated upon making the land level as a floor. The trial court had previously construed the contract as not intending "level" to be as a floor and did not err in refusing to allow Spencer to express an opinion.

The Defendants objected to the admission into evidence of a statement on the letterhead of E. A. Meyer Construction Co. upon which appeared a summary of various invoices and payments indicating an amount due under the sewer and water contract of $3500 together with interest in the sum of $3122.73 dated December 1, 1961, as being a self serving letter. Plaintiff's complaint was filed December 1, 1961. In Lindsey v. Rosen, 255 Ill App 21, the court quoted Leach & Co. v. Pierson, 275 US 120 as follows: "A man cannot make evidence for himself by writing a let-

ter containing the statements that he wishes to prove." The Defendants did not present this basis in the objections to the trial court when the exhibit was offered. The objection there made was directed to the fact that the Defendants' evidence would show that there was no agreement to pay interest. The trial court properly admitted the exhibit. An objection made on a specific ground is deemed to be a waiver of the right to object to the evidence on other grounds. Foreman-State Trust and Sav. Bank v. Demeter, 347 Ill 72, 179 NE 465, and Town of Cicero v. Industrial Commission, 404 Ill 487, 89 NE2d 354.

The Court instructed the jury on the counterclaim that it was not to consider the loss of rental income or any further sum due for sand which was objected to by the Defendants, contending that these items were issues to be considered by the jury. In view of the comments previously made, namely that there appears to be no evidence to substantiate a loss of rental income and that there was no balance due on the contract, the giving of the instruction was not error.

The judgment of the Circuit Court of Lake County is affirmed.

Judgment affirmed.

CARROLL and MORAN, JJ., concur.