THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellee, *v.* JOHN M. MITCHELL *et al.,* Defendants-Appellants.

(No. 71-263; )

Fifth District—May 17, 1974.

*Rehearing denied July 3, 1974.*

Harris and Lambert, of Marion, for appellants.

William J. Scott, Attorney General, of Chicago (James W. Sanders, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Department of Public Works and Buildings filed a petition for condemnation of 3.34 acres in Williamson County. The land involved is located approximately halfway between the intersection of Illinois Routes 148 and 13 and the Carterville crossroads. This route is a much-travelled highway going east and west across southern Illinois. On September 26,

1969, the trial court found the amount of $10,000 to be preliminary just compensation for the acreage and ordered immediate vesting of title to the petitioner.

After a 2-day trial in March, 1971, the jury brought in a verdict for $10,000 for the defendants, and the post-trial motion was denied. The appellants' brief was filed in January, 1973, and the appellee's brief in December, 1973. A motion to strike the appellants' reply brief, which had been filed on February 4, 1974, was filed by appellee on February 25, 1974. This motion to strike is denied.

The impetus of defendants' appeal is directed towards opposing counsel's remarks made on four separate occasions during his closing argument to the jury. The fifth so-called prejudicial remark mentioned in defendants' brief took place on the second redirect examination of an expert witness. Twice in the closing argument the attorney for the defendants failed to object to statements of opposing counsel which he now considers objectionable. On the other two occasions the trial judge sustained the objections made by defendants' counsel to portions of the closing argument of the petitioner.

During the second redirect examination of petitioner's expert witness, counsel for petitioner asked the witness if he had done an appraisal for the defendants, would he expect to be paid? The objection to this was sustained and counsel asked another question: "Do you always get paid for appraisals?" This was also objected to and the court sustained the objection. Defendants could not possibly be prejudiced by this rule of the trial court in their favor.

We will now consider the two remarks made by appellee's counsel in his closing argument, which were not objected to by opposing counsel. The court is well aware of the rule that alleged error in the closing argument to the jury will not be considered on appeal in the absence of a ruling by the trial court as to the propriety of the argument. (*Pike v. City of Chicago,* 155 Ill. 656; *Hedge v. Midwest Contractors' Equipment,* 53 Ill.App.2d 365; *County of Cook v. Colonial Oil Corp.,* 15 Ill.2d 67.) However, appellants cite the two instances as being so damaging to their case that they should be considered despite counsel's failure to make an objection. Near the opening of his closing argument, counsel for petitioner said:

> "That is the only reason we are here is because we could not agree. The people of the State of Illinois, through the Highway Department, could not agree with the landowners as to what they should receive for this land."

This statement at best is part of a general introduction given by counsel. It must be considered and examined in its context with the language

before and after it. The cases cited by appellants concern the question of introducing direct evidence as to what the condemning authority paid for other property. It is fundamental that this type of evidence is inadmissible. There is no instance in this record where counsel for appellee referred to actual costs of obtaining other parcels of land. The above two sentences are simple statements of fact and had no overtones or undertones as to the real issue before the jury.

A few minutes later appellee's counsel said: "Now I am quite sure that Robert Hall, J. C. Penney, and every motel along there has water and sewer in it." There was a question as to the best use of the land at the time the petition was filed, and the witness for the petitioner stated that the best use was residential while the defendants' three witnesses claimed the best use was commercial. Counsel's statement was indeed a fair comment on this issue and in no way could be considered detrimental to the appellants. Taken in connection with the sentences before and after this remark, this reference to sewer and water was logical. Appellants cite no case to support their contention and do not pursue it in their brief, except for the cumulative effect it has with the other remarks objected to.

Near the finish of the closing argument, there were two separate occasions when counsel for appellants objected to the remarks made by petitioner's attorney. The trial court sustained both objections; therefore, this cannot be considered detrimental to the appellants' position.

Considering the complete closing argument of petitioner's counsel, it cannot be said that it was of such a nature that it jeopardized the defendants from getting a fair trial. Appellants cite the cases of *Jacobson v. National Dairy Products Corp.*, 32 Ill.App.2d 37, and *Underwood v. Pennsylvania R.R. Co.*, 34 Ill.2d 367. These cases were instances where the trial court was reversed for the following reasons: numerous prejudicial remarks of counsel during the trial, many instances of prejudicial remarks in the closing argument, the general misconduct of counsel which prevented the litigants from receiving a fair trial, and attempts to introduce improper evidence. In no way can the conduct of appellee's counsel in this case be compared to the conduct of counsel in the above cases or, as a matter of fact, most of the other cases cited by counsel for appellants. The attorneys in those cases engaged in a regular course of misconduct and were consistently guilty of prejudicial remarks. These cases also reflect the failure of the trial court to protect the rights of the litigants.

The jury was picked in the morning of the first day of the trial and one witness, an employee of the State of Illinois, testified. The property was viewed by the jury in the afternoon. Three appraisal witnesses testified

for the appellants the morning of the second day, and their testimony was that value of the land in question was worth $20,400, $21,500 and $22,000, respectively. After the appellants rested their case, the petitioner called one of the appellants under section 60 of the Civil Practice Act and one other witness, who testified that his appraisal of the land was $7,750. After the noon recess, closing arguments of counsel were presented, followed by the court instructions to the jury. The jury reached its verdict in the afternoon of the second day.

■■ Where the jury has viewed the premises and the amount fixed by the verdict is within the range of the evidence, the verdict will not be disturbed unless it is clearly the result of passion or prejudice or unless there was a clear mistake. (*Housing Authority v. Kosydor*, 17 Ill.2d 602; *City of Chicago v. Harrison-Halsted Building Corp.*, 11 Ill.2d 431; *Department of Public Works & Buildings v. Pellini*, 7 Ill.2d 367; *City of Chicago v. Vaccarro*, 408 Ill. 587.) The jury listened to the testimony of four appraisal witnesses and the verdict was within the range of their testimony. An examination of the entire record does not indicate that the jury was motivated by passion or prejudice, or that they were mistaken. The jury's verdict was fair and just.

The judgment of the Circuit Court of Williamson County is affirmed.

Judgment affirmed.

CREBS and EBERSPACHER, JJ., concur.