SUSAN SRAMEK, a Minor, by Joseph Sramek, her Father and Next Friend, Plaintiff-Appellant, *v.* JOSEPH R. LOGAN, Defendant-Appellee.

Third District No. 75-142

Opinion filed March 15, 1976.

472

Louis E. Olivero, of Peru, for appellant.

Hupp and Irion, of Ottawa (George Hupp, of counsel), for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by Susan Sramek, a minor, by and through Joseph Sramek, her father and next friend, from a judgment of the Circuit Court of La Salle County in favor of defendant Joseph R. Logan and as against plaintiff which was based on the verdict of a jury finding issues in favor of defendant. Susan Sramek, who was 8 years old at the time of the occurrence involved, filed an action against defendant Logan for $50,000 alleging that defendant Logan negligently struck her with his automobile on September 9, 1971.

The evidence received in the case was conflicting in several material aspects, but it appears that young Susan was struck by the Logan car as Logan, accompanied by his wife, was driving down Wasson Street in a residential area of Streator. The accident occurred some 10 to 20 feet past the intersection of Wasson and Plumb Streets. As a result of the impact, Susan's left leg was broken, and although the fracture has mended she bears a large surgical scar just above the knee and complains of discomfort and problems in moving her leg. Susan and her sister, Tina (11 years old at the time of the accident and 13 years old at the time of trial) were walking along the sidewalk on the east side of Wasson Street with another friend just prior to the accident. According to the testimony given by the girls, Susan prepared to cross the street by looking both ways and then entered the street. Tina, seeing the Logan automobile approaching from the left, said she shouted a warning to Susan who then turned and ran back toward the curb. The girls stated that the car struck Susan before she reached the curb safely.

Logan, however, testified that he was proceeding north on Wasson Street and saw the girls on the right side of the street some 50 feet in front of him. Photographs introduced in evidence showed that the sidewalk was directly adjacent to the street pavement. Defendant testified

that he slowed down from his 25-mile-per-hour speed to about 10 or 15 miles per hour when he noticed the children, and that he moved over in the road so that the right side of his automobile was about 7 feet from the right curb. As he passed Plumb Street, Logan testified, Susan suddenly dashed out in the street. Logan immediately applied his brakes but could not avoid contact. Logan stated he brought his car to a stop almost instantaneously, only a couple of feet past the point of impact. The story related by Logan was substantially corroborated by a disinterested witness, Rita Brillhart, who lived in the house on the southwest corner of Wasson and Plumb Streets and who was in her yard at the time of the accident.

On appeal in this court, plaintiff first contends that defense counsel made prejudicial and improper remarks in his closing argument which require reversal. Defense counsel, on cross-examination of Tina Sramek, had asked her several times if she talked to counsel for plaintiff concerning her proposed testimony at any time before the trial. She replied consistently that she had not. In the closing argument defense counsel asserted that his opponent was "too good" an attorney to put a witness on the stand without first talking to her about her testimony and that, therefore, Tina must not have been telling the truth when she said that plaintiff's counsel had never talked to her. Defense counsel urged the jury to weigh the remainder of her testimony in light of this apparent falsehood.

Plaintiff contends that the remark was improper because there was no evidence that her attorney in fact did consult with Tina Sramek before trial and, thus, the remark was simply based upon assumptions not found in the evidence. She contends that the remark was prejudicial because of the damage it might cause to the testimony of her eyewitness sister, since this was the only testimony corroborating plaintiff's version of the accident.

■■ While we agree that the remark was improper, in that the inference that Tina was lying was not based on any evidence but on defense counsel's personal knowledge that attorneys normally talk to their witnesses before putting them on the stand, we do not believe, on the basis of the record, that the making of this argument requires a new trial. We note, primarily, that plaintiffs did not object to the remarks when they were made. A party must normally object in timely fashion in the trial court in order to preserve a question for review (*Bohanan v. Schertz* (3d Dist. 1974), 21 Ill. App. 3d 149, 151, 315 N.E.2d 316), and that rule is clearly applicable to the alleged prejudicial remarks made during closing arguments, unless the remarks are so prejudicial as to impair the right to a fair trial and the judicial process itself. (*Mulvey v.*

*Illinois Bell Telephone Co.* (1973), 53 Ill. 2d 591, 598, 294 N.E.2d 689; *Belfield v. Coop* (1956), 8 Ill. 2d 293, 312, 134 N.E.2d 249; *Jamison v. Lambke* (1st Dist. 1974), 21 Ill. App. 3d 629, 636, 316 N.E.2d 93.) The trial court heard counsel for defendant, on the post trial motion, contend that such improper remark was sufficient to merit a new trial. The trial court disagreed and, on the basis of the facts and the evidence in the case, and the lack of objection by plaintiff, we find no abuse of discretion in the determination made by the trial court on this issue (*Atz v. Goss* (1st Dist. 1974), 21 Ill. App. 3d 878, 881, 316 N.E.2d 29; *Gatto v. Curtis* (1st Dist. 1972), 6 Ill. App. 3d 714, 734, 286 N.E.2d 541).

■■ A contention is also made that defendant failed to overcome the presumption that an 8-year-old child is incapable of negligence in this case. We recognize the long-established presumption that a child between the ages of 7 and 14 is not held to a standard of negligence according to adult standards but is held only to a standard of care expected from children of similar age, intelligence and experience. (*Kronenberger v. Husky* (1967), 38 Ill. 2d 376, 378, 231 N.E.2d 485.) Plaintiff argues that there was no evidence concerning plaintiff's characteristics or the conduct of other children of similar age, yet the jury, in response to a special interrogatory submitted with the instructions, found that Susan was contributorily negligent in causing her injuries. We believe that the defendant is sound in contending that Susan's own testimony, corroborated by her sister, that she looked in both directions before starting to cross the street, was sufficient to establish a standard of care to which she may be held. Plaintiff by her own testimony knew enough to look before crossing the street and, if in fact she did not look, this could be considered by the jury as negligent conduct on the basis of standards of care required of an 8-year-old child who knows that she should look to note whether or not there is oncoming traffic. The actual result of such testimony could have been such that the jury did not believe that she did look in both directions and apparently believed Logan's testimony that apparently Susan did not look before she dashed into the path of the car. It was clear from Logan's testimony and photographs in evidence that the view up and down Wasson Street was unobstructed and it is difficult to believe that Susan could have looked before crossing and not have seen the Logan vehicle approaching. In any event, the jury could have found plaintiff contributorily negligent. Therefore, we cannot conclude that the evidence was insufficient to overcome the presumption existing in her favor as an 8-year-old child.

■■ Finally, the contention is made that the jury verdict was against the manifest weight of the evidence. The record does not support this contention. There was sufficient evidence which, if believed, not only

indicated the possibility of plaintiff's contributory negligence, but also tended to show the reasonable exercise of due care by the defendant. Logan's testimony disclosed that he took early notice of the presence of the children on the edge of the street ahead and that he took appropriate precautions by slowing down to 10 to 15 miles per hour and by moving toward the middle of the narrow residential street. Plaintiff asserts, also, that Logan did not honk his horn as a warning in the street. It does not appear that it was necessary for defendant to sound his horn until plaintiff actually dashed into the street, at which time the use of the horn could not have prevented the accident, on the basis of the testimony of Logan and his witness. To suggest otherwise would be to require drivers to honk whenever they observe pedestrians, particularly children, walking along the sidewalk ahead of them. Such requirement would be both unnecessary and of questionable value. Also, we do not agree with plaintiff's suggestion that defendant was negligent in failing to reduce his speed below 10 to 15 miles per hour or even come to a complete stop, when he observed the children on the sidewalk 50 feet down the street.

Plaintiff points to one inconsistency in defendant's testimony. Defendant stated that he moved over some 7 feet from the right curb at the time he reached the area where the children were, and he also claims to have stopped within a couple of feet from the impact point. The witnesses who arrived late testified that his automobile was parked at that time within a foot or two of the curb. There was no indication in the testimony, however, whether Logan may have moved his automobile from its position after the accident to a safer place at the edge of the street nor does the inconsistency necessarily destroy the credibility of the testimony supporting the jury verdict. As is true in most cases involving accidents, there are inconsistencies on plaintiff's side as well.

In reviewing the record as a whole, however, it is apparent that there is sufficient evidence to support the jury verdict and we would not be justified in finding that it was against the manifest weight of the evidence.

Another issue raised by defendant in opposition to the contentions of plaintiff, was that plaintiff failed to request a new trial in the post trial motion filed by plaintiff in the trial court. In view of our disposition of this cause it is not necessary that we treat that issue in this opinion.

For the reasons stated, the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur.