JOAN ZERBENSKI et al., Plaintiffs-Appellees, v. VINCENT A. TAGLIARINO, Defendant-Appellant.—(NORMAN F. KOEHRING, Defendant.)

First District (3rd Division)  No. 77-1165

Opinion filed December 6, 1978.—Rehearing denied January 25, 1979.

---

[2] Justice Brown participated in this decision while assigned to the Illinois Appellate Court, First District.

Van Duzer, Gershon, Jordan & Peterson, of Chicago, for appellant.

Frank J. Mackey, Jr., and Sidney Z. Karasik, both of Chicago, for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
This is an action to recover damages for injuries resulting from an automobile accident which occurred on March 17, 1972.

On March 10, 1977, a jury in the Circuit Court of Cook County returned a verdict against both defendants. The jury awarded Joan Zerbenski $90,000 and Walter Zerbenski $5,000. Judgment was entered against both defendants. Defendant Tagliarino presented a post-trial motion for judgment notwithstanding the verdict or, in the alternative, for

a new trial. This motion was denied and Tagliarino appealed the judgment order. Koehring is not a party to this appeal.

The plaintiff, Joan Zerbenski, suffered personal injuries when her automobile was struck head-on by the vehicle of defendant Norman F. Koehring. Her husband sought recovery for the loss of consortium. The plaintiffs alleged that Koehring drove his automobile into the wrong side of the road and struck the plaintiffs' car head on. In addition, they alleged that the negligent driving of Tagliarino was a proximate cause of the accident.

The accident occurred on March 17, 1972, at approximately 6:30 p.m. on Illinois Route 20 (Lake Street), a four-lane highway in Hanover Park, Illinois, near its intersection with Greenbrook Drive, an entranceway into a subdivision. Joan Zerbenski was driving her car in an easterly direction. Four vehicles were traveling on Route 20 in a westerly direction in the inner lane next to the center line. An unidentified driver operated the first vehicle, a Rambler. Tagliarino and his wife occupied the second automobile. The third vehicle was operated by Koehring. Following Koehring's automobile was Anthony Cristofaro, who appeared as a witness at the trial. Cristofaro testified that all four vehicles were proceeding at a speed of 50 miles an hour.

As the Rambler approached the intersection with Greenbrook Drive, the driver signaled for a left turn. At that time Cristofaro moved into the right lane. Tagliarino testified that he observed the signal, removed his foot from the accelerator and was prepared to stop if necessary. There is a conflict in the testimony of Tagliarino and Cristofaro as to the subsequent events.

Tagliarino testified that Koehring had been tailgating him for over one block and that after he removed his foot from the accelerator, Koehring struck the rear of his automobile. Immediately thereafter he heard a loud crash which was Koehring's vehicle colliding with the plaintiff's car. Tagliarino testified that at the time of the impact there was a distance of three to five cars between his vehicle and the Rambler. In addition, he stated that he did not apply his brakes before Koehring hit his car. Melba Tagliarino's testimony supported her husband's explanation of the accident.

Cristofaro, on the other hand, testified that the Rambler started to slow down to make the left turn but neither Tagliarino nor Koehring reduced his speed. Cristofaro stated that all of a sudden Tagliarino slammed on his brakes. Thereafter, Koehring applied his brakes, attempted to move into the right lane which was occupied by Cristofaro, then swerved across the center lane hitting the plaintiff's car head-on. According to Cristofaro's version of the events, Koehring's automobile hit

the left rear of Tagliarino's vehicle after the collision of Koehring's car with the plaintiff's car.

The issues presented for review are:

"1. The plaintiffs failed to prove any negligence on the part of Tagliarino so that the trial court should have directed a verdict in his favor.

2. The plaintiffs failed to prove that any action by Tagliarino was the proximate cause of the plaintiff's injury so that the trial court should have directed a verdict in his favor.

3. The verdict against Tagliarino was the result of cumulative trial errors."

I

■■ ■ The defendant alleges that the trial court should have directed a verdict in his favor because the plaintiffs failed to prove any act of negligence. In *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, the supreme court established the rule that directed verdicts should be entered only in those cases in which all of the evidence, when viewed most favorably to the opponent, so overwhelmingly favors a movant that no contrary verdict based on that evidence could ever stand. By applying this standard to the testimony in this case, we find that there was sufficient evidence to support a conclusion of negligence on the part of Tagliarino and to justify the trial court's denial of a directed verdict.

Cristofaro testified that Tagliarino did not slow down when the Rambler began to brake and signaled for a left turn. Instead, he waited until his automobile was 30 feet from the turning Rambler, and "all of a sudden * * * slammed on his brakes." Viewing this evidence most favorably to the plaintiffs, one could reasonably conclude that Tagliarino breached his duty to avoid damage to the vehicles following him. (*Mernick v. Chiodini* (1957), 12 Ill. App. 2d 249, 139 N.E.2d 784.) Whether Tagliarino's sudden slowing of his vehicle was an act of negligence, was a question of fact to be resolved by the jury.

Tagliarino argues that there is no violation of a duty by a driver who stops or slows his vehicle in a traffic holding situation. (*Glenn v. Mosley* (1976), 39 Ill. App. 3d 172, 350 N.E.2d 219; *Peithman v. Beals* (1968), 103 Ill. App. 2d 138, 242 N.E.2d 476; *Wooff v. Henderson* (1964), 46 Ill. App. 2d 420, 197 N.E.2d 103.) These three cases, however, involved drivers who had made a complete stop at the time they were struck by the vehicles following them. In each case there was no allegation that the driver had stopped suddenly or performed any other negligent act on the highway. Tagliarino's alleged breach of duty, however, is not that he had stopped his car on the highway in a holding situation, but that he

unnecessarily and negligently stopped suddenly on the road precipitating the accident.

The facts in the present case are very similar to the situation in *Mernick v. Chiodini.* In *Mernick* the plaintiffs alleged that the defendant was negligent in suddenly applying his brakes without an appropriate signal causing the drivers of three passenger cars following the defendant to likewise apply their brakes, as did the driver of a truck following the passenger cars. The truckdriver crossed the center line of the road and collided with an automobile, killing two persons and injuring two persons. The complaint alleged that the sudden application of the brakes was a proximate or contributing cause of the accident. The trial court directed a verdict in favor of the defendant. This court reversed, holding that if a jury viewed the evidence most favorably to the plaintiffs it could have found negligence on the part of the defendant. The determination of whether the defendant was negligent was a proper question for the jury.

The testimony of Cristofaro suggested some negligence which would support the jury's verdict against the defendant. The trial court's denial of a directed verdict was a proper order.

## II

The second issue for review is whether the plaintiffs failed to prove that any action by Tagliarino was the proximate cause of the plaintiff's injury so that the trial court should have directed a verdict in his favor. Tagliarino argues that any action or failure to act on his part was not the proximate cause of the accident; it merely furnished the condition which caused the injury by the subsequent act of Koehring, which was not probable nor foreseeable.

The Illinois Supreme Court set forth the definition of proximate cause in *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 380-81, 50 N.E.2d 497. The court stated:

"The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinary prudent person ought to have foreseen as likely to occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act. [Citations.] An intervening efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury. [Citations.] The intervention of independent concurrent or intervening forces will not break causal connection if the intervention of such forces was itself probable or foreseeable. [Citations.] What is the proximate cause of an injury is ordinarily a question of fact to be

determined by a jury from a consideration of all the evidence. [Citation.]"

The proximate cause of an injury can become a question of law only when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. (*Phillabaum v. Lake Erie & Western R.R. Co.* (1924), 315 Ill. 131, 145 N.E. 806.) In this case, reasonable men can differ as to whether Tagliarino's sudden stopping was the proximate cause of the plaintiff's injury. Tagliarino testified that he was cognizant of Koehring's car tailgating him. In spite of this awareness, he did not begin to brake when he first observed the Rambler's turn signal. Instead, according to Cristofaro's testimony, he suddenly slammed on his brakes at the last possible moment. The jury reasonably could conclude that Tagliarino should have anticipated that the sudden braking of his vehicle could result in injury to others on the highway. Therefore, the resolution of the issue of proximate cause was properly presented to the jury.

Tagliarino relied on *Wooff v. Henderson* to support his argument that Koehring's crossing of the center line was an independent intervening act and the sole proximate cause of the plaintiff's injuries. The factual situation in *Wooff* is similar to the events in this case except that it was undisputed that the lead driver, Martin, had stopped his vehicle in preparation to making a left turn. The court found that the evidence revealed no negligence on the part of Martin, since it was foreseeable that the following driver, Henderson, would see Martin's stopped vehicle waiting for an opportunity to turn safely. For that reason, the court characterized Henderson's driving as an independent act and held that the injuries to the plaintiff were not the natural and probable result of Martin's stopping his car for a turn.

In contrast, Tagliarino was not stopped on the highway; he allegedly waited until the last possible moment to slow down his vehicle thereby breaching his duty to avoid injury to the passengers of the vehicles following him. We, therefore, cannot hold as a matter of law that the intervening actions of Koehring were not foreseeable as a result of Tagliarino's sudden slowing. This question of proximate cause was a jury question and the trial court correctly refused to direct the verdict.

### III

The final issue for review is whether the jury verdict against Tagliarino was the result of cumulative trial errors. The defendant lists as error improper testimony on post-accident events, improper jury instructions and a prejudicial closing argument by the plaintiffs.

The defendant first cites as error the testimony of Cristofaro concerning the events subsequent to the accident. He testified that

Tagliarino was concerned only with the condition of his car, as evidenced by his remark "look at the car, look what the man did to my car." Tagliarino argues that the plaintiffs' attorney skillfully elicited this testimony in order to make Tagliarino appear heartless and callous. His attorney, however, did not object or move to strike the statement. An attorney cannot fail to make an objection and, after an adverse jury verdict, claim error. *County of Cook v. Colonial Oil Corp.* (1958), 15 Ill. 2d 67, 153 N.E.2d 844.

In addition, Tagliarino objects on appeal that his cross-examination was harmful and prejudicial. The plaintiff's attorney questioned Tagliarino concerning his failure to render first aid to the plaintiff despite his medical background. Tagliarino's attorney objected that counsel was arguing with the witness, and the trial judge sustained the objection. Later, on recross-examination, counsel questioned Tagliarino on his alleged complaint to Cristofaro concerning the damage to his car. Again, the defendant's attorney objected and the court sustained his objection that the questioning was argumentative.

In both instances Tagliarino's attorney objected to the form of questioning as argumentative and did not assert that the questioning was prejudicial. An objection made on a specific ground is deemed to be a waiver of the right to object to the evidence on other grounds. (*Central Steel & Wire Co. v. Coating Research Corp.* (1977), 53 Ill. App. 3d 943, 369 N.E.2d 140; *E.A. Meyer Construction Co. v. Drobnick* (1964), 49 Ill. App. 2d 51, 199 N.E.2d 447.) Assuming that the defendant had not waived his right to object on the basis of prejudice, we do not believe that this form of questioning is reversible error. The general rule is that objectionable remarks may be rendered harmless error by corrective action by the court. (*Walters v. Taylor* (1976), 36 Ill. App. 3d 934, 344 N.E.2d 765; *Martin v. Kralis Poultry Co.* (1973), 12 Ill. App. 3d 453, 297 N.E.2d 610.) We feel this rule is also applicable to objectionable questions on cross-examination. The trial judge in this case promptly sustained the objections, and, in our opinion, rendered the questioning by counsel harmless error.

Tagliarino's next argument is that Jury Instruction No. 9 was an improper instruction. That instruction read in pertinent part:

"The Plaintiffs claim that they were injured and sustained damage while exercising ordinary care and that the Defendants were negligent in one or more of the following respects:

Defendant Vincent A. Tagliarino:

1. Operated his automobile at an unsafe rate of speed just before the occurrence in question.

2. Followed too closely behind the automobile ahead of him just before the occurrence in question.

   3. Made a sudden stop.

   4. Failed to keep a proper lookout.

   5. Failed to avoid placing others in danger.

  Defendant Norman P. Koehring:

   1. Drove his automobile onto the wrong side of the road and struck the Plaintiff head on."

Tagliarino claims that this instruction was designed to lead the jury to believe that he was five times more negligent than Koehring. In addition, he alleges that there was no evidence to support the first four charges of negligence pertaining to him.

■■ The plaintiffs were entitled to have the court clearly instruct the jury upon each theory of negligence provided that each theory was supported by evidence. (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 357 N.E.2d 500; *Wrighthouse v. Brown* (1964), 52 Ill. App. 2d 191, 201 N.E.2d 752; *Sims v. Chicago Transit Authority* (1955), 7 Ill. App. 2d 21, 129 N.E.2d 23.) The fact that the plaintiffs alleged five acts of negligence against Tagliarino in comparison to one negligent act against Koehring is irrelevant so long as there was an evidentiary basis for each allegation.

■■ The trial judge determined that there was evidence to support each charge and we affirm his determination.

  The testimony of Cristofaro, an independent witness, that Tagliarino did not reduce his speed when the Rambler began to slow down and that he finally slammed on his brakes was sufficient to support the plaintiffs' five allegations of negligence. This evidence supports a conclusion that Tagliarino was traveling at an unsafe rate of speed since his speed remained constant while the Rambler's speed decreased. It also suggests that Tagliarino was following the Rambler too closely immediately prior to the accident. The charge that Tagliarino made a sudden stop is derived from Cristofaro's statement that Tagliarino slammed on his brakes. The final charge that Tagliarino objects to, that he failed to keep a proper lookout, is also supported by the evidence. Although Tagliarino stated that he was aware of the Rambler ahead of him, the evidence supports a conclusion that he failed to keep a proper lookout since he was unable to stop his car in time to avoid collision with the vehicle following him. Since each theory of negligence was supported by evidence, Jury Instruction No. 9 was a proper instruction.

  In conclusion, Tagliarino contends that the plaintiff's rebuttal argument in closing was prejudicial and prevented him from receiving a fair trial. The plaintiffs' attorney attacked the character of Tagliarino by referring to the fact that he did not attempt to administer first aid and that Tagliarino was more concerned about his damaged automobile than

about the seriously injured victim. Tagliarino's attorney raised no objections to these comments at the trial.

■■■■ The general rule is that an error will not be considered on appeal unless an objection is made to the alleged prejudicial argument in the trial court. (*Mulvey v. Illinois Bell Telephone Co.* (1973), 53 Ill. 2d 591, 294 N.E.2d 689; *Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249.) This rule is applicable to alleged prejudicial comments made during the closing arguments. (*Sramek v. Logan* (1976), 36 Ill. App. 3d 471, 344 N.E.2d 47.) There is an exception, however, when the argument of counsel is so prejudicial that the parties cannot receive a fair trial. (*Belfield v. Coop*.) In this case, although remarks of the plaintiffs' counsel may have been improper, we find that they were not so prejudicial as to impair Tagliarino's right to a fair trial. Tagliarino, therefore, is precluded from raising this objection for the first time on appeal.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JIGANTI and SIMON, JJ., concur.