ELIZABETH KIRSCH *vs.* J. G. RIGA AND SONS, INCORPORATED.

FRED KIRSCH *vs.* SAME.

Hampden.    May 23, 1928. — June 28, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle, In use of way.

At the trial of an action of tort for personal injuries there was evidence that a motor truck owned by the defendant and operated by his agent was stopped half way down a hill with a grade of about ten and one half per cent, on the left side of the street with the left front wheel turned toward and against the curb; that the operator set the emergency brake and left the truck for ten or fifteen minutes; that some time after he went away the truck moved from its place, ran down the hill, and struck the plaintiff; that the weight of that sort of truck "will turn . . . [its] wheels"; and that its emergency brake "is pretty unreliable." There was no evidence that any one released the brake or turned the steering wheel while the operator was away. The judge denied a motion by the defendant that a verdict be ordered in his favor. *Held,* that

(1) A finding was warranted that the truck was not placed by the operator nearly enough at a right angle to the curb;

(2) The motion properly was denied.

TWO ACTIONS OF TORT for personal injuries. Writs dated January 11, 1926.

In the Superior Court, the actions were tried together before *Irwin,* J. There was evidence that the automobile which struck the plaintiffs was a Ford delivery truck, that the accident happened on June 18, 1925, and that the brakes of the truck last had been inspected on May 6, 1925. An expert on Ford automobiles testified in substance that in his opinion the cause of the car starting was that it was not put nearly enough at a right angle to the curb; that the weight of the car on such a hill as that on which the accident happened would turn the wheels; that the "Ford emergency brake is pretty unreliable"; that the Ford steering apparatus steers directly from the wheel, while on other cars the steering apparatus works through a worm which holds the wheels more rigidly; that the brakes in the Ford car "don't stay in

shape but a very short time; use them two or three times and they are out of shape." Other material evidence is stated in the opinion.

At the close of the evidence, the judge denied a motion by the defendant in each action that a verdict be ordered in its favor. There were verdicts for the plaintiffs, in the first case in the sum of $4,000, and in the second case in the sum of $15,500. The defendant alleged exceptions.

The cases were submitted on briefs.

*R. B. Eaton,* for the defendant.

*G. F. Leary, G. D. Cummings, & C. V. Ryan, Jr.,* for the plaintiffs.

PIERCE, J. These are two actions of tort wherein the plaintiffs, husband and wife, seek to recover damages for injuries sustained by them respectively by reason of the careless and negligent care or control of an automobile by the defendant, its agents or servants. At the close of the evidence, the defendant filed in each case a written motion for a directed verdict for the defendant. The motions were denied, the defendant excepted thereto, and the jury returned a verdict for the plaintiff in each case.

In their aspect most favorable to the contention of the plaintiffs the facts disclosed by the record are as follows: The defendant's servant, acting within the scope of his authority, on the afternoon when the plaintiffs were injured drove the automobile in question from the store of the defendant to Harrison Avenue, in Springfield, Massachusetts; thence he drove the car half way down the hill to a point on the left side near the entrance to a garage and stopped with the left front wheel turned towards and against the curb. He set the emergency brake, left the car and went into the garage, where he remained ten or fifteen minutes. Sometime after the car was left and while the servant of the defendant was in the garage, the car moved from where it was placed, ran down the hill to Dwight Street and struck the plaintiffs. A part of Harrison Avenue runs from Chestnut Street to Dwight Street, a distance of two hundred and fifty feet, and has in the direction of Dwight Street a descending grade on an average of about ten and one half per cent.

Concerning the starting of the car there was evidence which would have warranted the jury in finding that, as left, it was not put near enough to a right angle to the curb, if they found, as the evidence warranted, that the weight of the car on a hill like Harrison Avenue "will turn the wheels" and that the emergency brake on a car of the kind this car was "is pretty unreliable." There is no evidence that any cause other than the failure of the servant to secure the car in the place in which it was left contributed in any degree to the initial motion of the car when it left the curb; and particularly there is no evidence that some unknown person released the brakes or turned the steering wheel while the servant of the defendant was within the garage. We think the motions were denied rightly, and that the exceptions saved thereto must be overruled.

*So ordered.*