**Elsie Nei, Plaintiff-Appellee, v. Contracting & Material Company, a Corporation, Defendant-Appellant.**

Gen. No. 52,143.

First District, Third Division.

March 21, 1968.

Tom L. Yates, of Chicago (Carl E. Abrahamson and T. A. E. Poehlmann, of counsel), for appellant.

William L. Arnold, of Chicago (Edward E. Reda, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The trial of this personal injury action resulted in a jury verdict and judgment in favor of the plaintiff for the sum of $5,000.

On appeal the defendant contends that the judgment should be reversed because the plaintiff was guilty of contributory negligence as a matter of law, because the evidence was insufficient to support either the verdict or the award of damages and because the trial court erred in refusing to give a tendered defense instruction.

The plaintiff was injured in an automobile accident on what is now known as the Kennedy Expressway. Her auto ran into the car in front of her when this car stopped suddenly to avoid colliding with a ten-ton, six-wheel dump truck owned by the defendant which was transporting asphalt to locations in need of repair on the blacktop shoulders of the expressway. The day was clear, traffic was of medium density and the plaintiff was traveling in a southeasterly direction towards downtown Chicago. She testified that: she was going between fifty-five and sixty miles per hour—a speed under the maximum limit—in the middle lane and was keeping four to five car lengths behind the auto in front of her; she first noticed the truck on the right shoulder of the road when she was two blocks from it; when she was about a block away it moved into the right-hand lane of traffic; it did not stay in this lane but, when she was roughly sixty feet away, unexpectedly made a direct crossover to the left side of the expressway; as it went through the center lane, the brake lights of the car ahead of her flashed and the car stopped; she applied her brakes as soon as she realized what was happening but was unable to stop completely and ran into the rear of the car.

The driver of this car testified that: he was driving in the center lane and was two to three hundred feet from the truck when it pulled off the right shoulder

of the road and, with no warning by directional lights or otherwise, crossed the three lanes of traffic at a sharp angle; when it first entered the center lane it was less than fifty feet in front of him; he had to apply his brakes very hard to avoid hitting the truck in the side as it moved crosswise, and it was directly in front of him when he came to a stop.

The truck driver denied that his truck was involved in the accident. He testified that: he had stopped his truck and deposited some asphalt on the right-hand shoulder approximately one mile northwest of where the accident occurred; he traveled in the right lane for two or three blocks at a speed of ten miles per hour; then, with his directional signals on and after looking into his rearview mirror and observing that the nearest vehicles were two or three blocks behind him, he proceeded into the center lane; he traveled a few hundred feet in the center lane at twenty-five to thirty miles per hour; he then crossed over the third lane and onto the left-hand shoulder where he stopped to drop off more asphalt and was there for half a minute before he heard the screeching brakes of the two autos.

█ It is the defendant's contention that the plaintiff was guilty of contributory negligence as a matter of law because she was following the car ahead of her so closely that she was unable to stop without coming in contact with it. Several cases are cited in support of the proposition that a party who collides with a stopped vehicle is guilty of contributory negligence as a matter of law. However, as this court observed in Murad v. Witek, 48 Ill App2d 137, 199 NE2d 809 (1964), such cases must be decided on their own particular facts.

Traffic conditions on modern expressways differ sharply from those on side streets, arterial streets or even highways. Traffic proceeds at a high rate of speed—the minimum speed permitted on the expressway where the accident took place is forty miles an hour—and

vehicles are constantly changing lanes. The faster vehicles usually use the lane or lanes closest to the median strip. Vehicles entering an expressway cross through traffic to reach these lanes and vehicles leaving the expressway execute a like maneuver from the faster lanes to the exit ramps. The maximum speed for trucks is less than the maximum speed for automobiles. Autos move around trucks and trucks move around slow-moving autos. Drivers are alert for openings and take advantage of those which enable them to change their positions. A careful driver, no matter what his speed, finds it almost impossible to maintain a safe distance from the car ahead; when he attempts to do so other cars quickly fill the space he has provided.

■ The purpose of expressways is to facilitate the rapid movement of a large number of vehicles through highly congested areas. To enforce a standard of care requiring drivers on expressways to maintain an interval between their vehicles and those in front of them so that, in all situations, they will be able to stop prior to coming in contact with the preceding vehicles or else be deemed guilty of contributory negligence as a matter of law would be unrealistic and would tend to defeat the very purpose for which expressways are constructed. Therefore, the circumstances which have led courts to find negligence as a matter of law in rear-end collisions on other roadways are not necessarily controlling in rear-end collisions on high-speed, urban expressways.

■ In the present case the trial court correctly submitted the issue of both the plaintiff's and the defendant's negligence to the jury. Whether the plaintiff kept a proper distance between her car and the one in front in view of the speed of the vehicles and the prevailing traffic conditions, whether her own speed was excessive under the circumstances, whether she acted reasonably in not reducing her speed when she first noticed the moving truck, whether her assumption that the truck would

proceed in the right-hand lane was reasonable and whether she applied her brakes as quickly as she should have, were questions for the jury. There was sufficient evidence to sustain the jury's finding that she was in the exercise of ordinary care for her own safety and, likewise, there was sufficient evidence to support its finding that the truck driver was negligent and that his negligence was the proximate cause of her injuries.

 The defendant tendered the following instruction which the court refused:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

" 'No person shall drive any vehicle upon any public highway of this State at a speed which (1) is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property; or (2) is greater than the applicable maximum speed limit established by this section or by a regulation or ordinance made pursuant to the provisions of this Article. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions; and speed shall be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.'

"If you decide that a party violated the statute on the occasion in question, then you may consider that

231

fact together with all the other facts and circumstances in evidence in determining whether or not a party was contributorily negligent before and at the time of the occurrence."

Three recent rear-end collision cases have dealt with this instruction or one substantially like it. See Becherer v. Best, 74 Ill App2d 174, 219 NE2d 371 (1966) ; Berg v. Collier, 60 Ill App2d 145, 208 NE2d 353 (1965) and Wrighthouse v. Brown, 52 Ill App2d 191, 201 NE2d 752 (1964). In each of these cases the court concluded that the instruction was either properly given or incorrectly refused.

In the case at bar, the plaintiff objected to the instruction for the reason that there was no evidence that her speed was greater than the maximum limit. This was the same objection interposed in Berg v. Collier, supra. In dismissing the contention that the refusal to give the entire instruction was not error because part of the instruction referred to the maximum speed limit, the court said:

> "Nor can we say that the giving of the instruction in the form tendered would be held to be reversible error. . . .
>
> ". . . .
>
> "To conclude that a jury would be misled by the inclusion of the reference to maximum speed limits unrealistically attributes to jurors a degree of naivete incongruous with the motorized age in which we live."

In light of the above decisions, the instruction should have been given and the refusal to do so constituted reversible error. The jury could have concluded that speed was not a factor in the case since the plaintiff was pro-

ceeding under the speed limit. Such is not the law. A person can be driving under the speed limit and still be driving too fast for existing conditions. The plaintiff's speed was an element for the jury's consideration and the defendant was entitled to have an instruction on the subject. The tendered instruction would have been more clear if the reference to the maximum speed limit and other inapplicable phrases had been deleted, and this should be done if the case is retried and the instruction resubmitted; but the inclusion of these superfluous expressions did not render the instruction improper.

Because the cause must be remanded for a new trial, it is unnecessary to consider the defendant's contention that the damages were excessive.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.

SCHWARTZ and SULLIVAN, JJ., concur.