Winona Peithman, Plaintiff-Appellant, v. Max E. Beals and O'Neil Bros. Construction Co., a Co-partnership, and Harold O'Neil and E. J. LaBoube, Co-partners Doing Business as O'Neil Bros. Construction Co., Defendants, Thomas H. Brehm, Defendant-Appellee.

Gen. No. 10,945.

Fourth District.

December 9, 1968.

138

Zimmerly & Johnson, of Champaign (Philip C. Zimmerly, of counsel), and Monroe & McGaughey, of Decatur, for appellant.

Mitchem, Hendrix & Aldeen, of Urbana (Charles W. Hendrix, of counsel), for appellee.

TRAPP, P. J.

Plaintiff appeals from a summary judgment entered in favor of the defendant, Thomas Brehm.

The issue was determined below upon the complaint and the facts disclosed in the discovery deposition of Brehm. Plaintiff, Winona Peithman, was a passenger in an automobile which had been stopped at a construction barricade on Route 10, west of Champaign, Illinois. Brehm, travelling in the same direction, had

stopped one or two car lengths behind plaintiff's automobile. His car had its lights, including taillights, burning. While the two cars were standing for something less than a minute, one Beals approached the scene driving a truck in the same direction. He struck the defendant's automobile and pushed it into the plaintiff's automobile. The pavement was wet and muddy.

Defendant stated that he saw the truck approaching in his rearview mirror and realized the truck would not be able to stop. He took his foot off his brake a split second before the impact to "cushion" the shock and reapplied the brake immediately. When defendant released his brake his car may have moved half a car length closer to plaintiff's car. However described, defendant's action provided Beal's truck five or ten feet more in which to stop. Brehm's car was possibly one and one-half car lengths behind plaintiff's car when struck by the truck and was pushed into plaintiff's car. Plaintiff's car may have moved the distance of a foot upon impact. There was very little damage to the rear of plaintiff's car. Defendant's car took most of the shock.

Plaintiff contends that defendant's act in momentarily releasing his brake to cushion the shock was an intentional act which contributed to cause the collision between defendant's car and plaintiff's car, and the intentional act was therefore one of the proximate causes of the injury to the plaintiff.

As to Brehm, the complaint charges negligence in that he (a) negligently stopped his vehicle so close behind the car in which plaintiff was riding that it created a condition hazardous to plaintiff's safety and, (b) negligently failed to keep the brakes of his vehicle ". . . firmly applied in such a manner that said vehicle could not be driven into and against the vehicle in which the plaintiff was riding."

■ As to the first allegation, there are neither facts alleged nor authority cited which suggest that there is

a violation of any duty in stopping, in a traffic holding situation, one or two car lengths behind, or distant from, a standing automobile.

The second allegation undertakes to make Brehm an insurer of the safety of plaintiff despite the absence of allegations of any facts showing a duty to have his brakes applied at all, as might be the case if there were facts alleged which disclosed that he was stopped upon a hill or grade. An issue created is whether or not Brehm was under any duty to completely intercept a danger to plaintiff, or insulate her from the negligent acts of another.

■ Plaintiff asserts that the defendant was guilty of negligence in releasing his brakes and cites in support thereof, Barlow v. Verrill, 88 NH 25, 183 A 857; Peavey v. Mutual Realty Corp., 82 Cal App 542, 255 P 858; Kirsch v. J. G. Riga & Sons, Inc., 264 Mass 233, 162 NE 355; Fuller v. Magatti, 231 Mich 213, 203 NW 868; and McGregor v. Reid, Murdock & Co., 178 Ill 464, 53 NE 323. The first four cases concern the results of leaving a car parked on a hill to the injury of a person. In the present case it cannot be said that in the absence of set brakes the vehicle operated by the defendant would move on its own to the likely injury or damage of anyone. The fifth case concerned a falling elevator where the building owner failed to have certain automatic safety devices, designed to stop an elevator in case of cable break, properly inspected. In all of these cases there was a positive duty to have brakes applied or the safety devices operative, for the reason that the instrumentality causing the injury would otherwise move on its own to the likely injury or damage of someone. In the cases cited the force of gravity was one of the forces the brakes or safety devices were designed to offset, and in each case the likelihood of harm in the event of failure to use the devices was clearly foreseeable. There-

141

fore, the failure to set the brakes or keep the devices in order could be categorized as negligence.

We are cited no authority which would make it a standard of ordinary care for all cars in a line to have brakes set so that the rear cars in a line would perhaps absorb a shock and prevent a force from being transmitted farther down a line of cars than was absolutely necessary under optimum management of those in the rear for the benefit of those in the front.

■ Plaintiff next asserts that defendant made a choice in the placement of harm to his own advantage, and to the disadvantage of plaintiff. He cites the following statement of Restatement of The Law, Torts, 2nd, § 73:

> "The intentional infliction upon another of substantial bodily harm, or of a confinement involving substantial pecuniary loss, for the purpose of protecting the actor from a threat of harm or confinement not caused by the conduct of the other, is not privileged when the harm threatened to the actor is not disproportionately greater than the harm to the other."

This section is not relevant to a cause of action founded upon a theory of negligence. The quoted section is a part of chapter 4, Topic I of the Restatement relating to self-defense. The "Scope Note" states that this topic deals with that form of privilege to inflict what amounts to a "battery," were it not for the fact that the act is under the protection of the privilege stated. Such proposition is demonstrated in illustrations of the party A throwing an infant from the sled to gain time as against the pursuing wolves; or again, the party B grabbing party C to serve as a shield from the pistol shooting A.

The Restatement of The Law, Torts, 2nd Ed, chapter 2, distinguishes battery as a tort from negligence in that battery involves "acts which were intended to invade

some interest of personality." Again section 14 of such chapter 2 states that injury must be caused by an act done by the person whose liability is in question. As an illustration of this proposition, if party A pushes party B against party C so that C is injured, party A is subject to liability but not party B. To like effect see Harper & James, The Law of Torts, 1956, chapter 3, § 3.3, p 215. This test also distinguished the tort of battery, an intentional invasion of the interests of another, from acts of negligence. As to "battery," it is said:

> "If the mischief was brought about by the acts of a third person or by some other force without the conscious concurrence of any act of the defendant, no liability arises because there is no conduct by the defendant which can be made the basis for liability."

Plaintiff also cites United States v. Holmes, 1 Wall Jr 1, Fed Cases 15383; Laidlaw v. Sage, 158 NY 73, 52 NE 679; Arp v. State, 97 Ala 5, 12 So 301; Leonard v. State, 217 Ala 60, 114 So 798; Brewer v. State, 72 Ark 145, 78 SW 773; State v. Capaci, 179 La 462, 154 So 419, and People v. Repke, 103 Mich 459, 61 NW 861.

The cases cited refer to intentional acts overtly and directly applying force to another. In each case the acts of the defendant were intended to harm someone. In the Holmes case, where a small boat incapable of carrying all persons aboard was about to capsize, defendant pushed passengers into the water, and the passengers drowned. In the Laidlaw case, an obviously deranged person threatened to drop a bag of dynamite, and defendant was charged with moving plaintiff a few inches to the left. The court found defendant's action was not the proximate cause of plaintiff's injury. In Laidlaw v. Sage, 158 NY 73, 52 NE 679, on 689, the court said:

> "All the injuries which plaintiff sustained were caused directly and immediately by the act of Nor-

cross in exploding the dynamite. That was clearly the proximate, and we think the only, cause of the plaintiff's injury. It was the only efficient cause, as, confessedly, without the explosion the plaintiff would not have been injured; and under no circumstances can it be properly said that the act of the defendant in changing the plaintiff's position a few inches to the left of where he previously stood caused the explosion or occasioned the catastrophe."

The Arp, Capaci, Repke and Leonard cases are cases of participation in murder where defendants sought to claim that they participated under threat to their own lives.

 Plaintiff argues that it is a question for the jury whether defendant should have realized that his act created a risk of harm to plaintiff. The principle asserted is that if a chosen course unintentionally harms another, liability is imposed if the actor realized that he created an unreasonable risk to another. Plaintiff cites Restatement of The Law, Torts, 2nd Ed § 75. Such section is also to be considered, as was § 73, in the light of privilege to commit a "battery" as distinguished from duties which, if violated, constitute negligence. By reason of such limitation § 75 is not a standard of duty in cases of negligence. Plaintiff also cites Shaw v. Lord, 41 Okla 347, 137 P 885; and Paxton v. Boyer, 67 Ill 132. In Shaw v. Lord, supra, defendant police officer, seeking to arrest a dangerous fugitive, shot at him in a hotel corridor and injured a hotel employee. This is a simple negligence case where a dangerous weapon must be used with ordinary care. In Paxton v. Boyer, the defendant, who had been knocked down, mistook the plaintiff for his assailant and stabbed the plaintiff, believing that the act was necessary self-defense. These cases involve direct and affirmative action calculated or expected to harm someone. In each the question was

144

whether the act involved unreasonable risk to the party who turned out to be a plaintiff.

The authorities cited do not sustain plaintiff's contention that it is a jury question, under the circumstances alleged, whether an unreasonable risk to plaintiff arose from defendant's conduct.

The defendant, Brehm, did not drive his car on, into or against the plaintiff's vehicle. Hence this case is not essentially different from that where an automobile is brought to a stop and as it stands behind another is pushed into the car ahead by a car behind, as in Welsh v. Centa, 75 Ill App2d 305, 221 NE2d 106.

The judgment of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.