**John Kordik, Plaintiff-Appellee, v. Lois Kenar, Defendant-Appellant.**

**Gen. No. 53,152.**

First District, First Division.

June 23, 1969.

Rehearing denied July 28, 1969.

Frank Glazer, of Chicago (William T. Cormack, of counsel), for appellant.

Alan E. Morrill and Robert A. Sprecher, of Chicago (Morrill, Koutsky, Klomann & Chuhak, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

John Kordik, plaintiff, brought this action against Lois Kenar, defendant, to recover damages for personal injuries. The matter was tried before a jury and at the conclusion of the evidence the court directed a verdict in favor of the plaintiff on the issue of liability. The jury assessed the damages in the sum of $4,500 and the defendant appeals from the judgment rendered on the verdict for that sum.

Plaintiff and Jerome Dolski, a witness for the plaintiff, were the only people to testify about the occurrence that gave rise to the plaintiff's injuries. John Kordik testified that on December 31, 1961, about noon, he was on his way to church with his six-year-old son. He parked his car against the curb on Austin Avenue in Chicago. Snow was piled up along the curb, forcing the plaintiff and his son to exit from the left side of the

car, the side closest to the traffic. Plaintiff testified that when he got out of the car he did not see any cars coming. He locked his car and proceeded to walk on the street in a southerly direction in the southbound traffic lane of Austin Avenue. As he walked along, his body was about six inches from the left side of the cars parked along the street. The plaintiff stated that his son walked in front of him and when his son turned into the driveway, the plaintiff was struck by a car. He said he did not hear a horn or a warning of any kind.

On cross-examination he was asked:

Q. Now, you looked and went past your car to the front of your car, is that right?

A. Yes.

Q. Now, at that time did you look to see if there was any traffic coming?

A. No, I didn't. I was worried about getting in because of traffic going by there.

The plaintiff further testified that he was not in a crosswalk, that he was walking in the southbound lane of traffic with his back towards the approaching traffic and that he never saw the car that struck him.

Jerome Dolski testified that he was driving slowly north on Austin Avenue when he saw plaintiff get out of his car and walk south with a boy in front of him. "As he went up to the driveway to follow his son, he turned his back, he had his hand on the car as if he was leaning—and this '59 or '60 white Chevrolet convertible was going south. And it appeared to me that it nipped him on the side of his hip, you know, and I seen the man fall down." The witness further testified that somebody brought the driver of the white Chevrolet convertible back to the scene of the accident and "she [the driver] said 'I didn't hit anybody.' " On cross-examination he testified that the plaintiff was in the middle

of the block, that he was walking with his back to the traffic and that he never saw the plaintiff turn around and look at the cars coming south on Austin Avenue.

The defendant initially contends that the trial court erred in denying defendant's motion for a directed verdict and judgment notwithstanding the verdict. It is argued that the record is devoid of any evidence which would establish that Lois Kenar, the defendant, was identified as the driver of the vehicle that struck the plaintiff.

It is true that neither the plaintiff "nor the witness Dolski identified or named the driver of the car involved in the occurrence." However, in the defendant's answer to paragraphs 1 and 2 of the complaint it was admitted that at the time of the occurrence the defendant owned or possessed a 1960 Chevrolet convertible which defendant was driving in a southerly direction, along and upon said Austin Avenue, toward, near, and at the place where plaintiff was walking. Further, in paragraph three of the complaint it was averred that it was the duty of defendant to drive her automobile with reasonable care and caution so as not to run into or strike persons lawfully present on said Austin Avenue, including plaintiff. In her answer to paragraph three of the complaint the defendant denied she owed such a duty and averred that she was under a duty to operate her vehicle as a reasonably prudent person would operate a vehicle under the same or similar circumstances. In paragraph four of the complaint it was alleged that at the time of the occurrence plaintiff was in the exercise of due care and caution. This was denied in defendant's answer.

Paragraph five of the plaintiff's complaint alleged that while plaintiff was walking the "defendant, disregarding her duty aforesaid, negligently drove her automobile as hereafter specified, so that as a direct and proximate result thereof, it ran violently against and struck plaintiff, thereby knocking plaintiff down to and upon, and

374

dragging him along said avenue, and greatly injuring plaintiff as hereinafter alleged." The answer merely recited that the defendant "denies every allegation of paragraph 5." In paragraph six of the complaint numerous acts of negligence were charged against the defendant which she denied in her answer.

As a further defense the defendant averred that she was not guilty of any careless, negligent or unlawful conduct at the time, date and place narrated in the complaint. She averred also that the injury of the plaintiff was the direct and proximate result of his own careless and negligent conduct by reason of one or more of the enumerated acts or omissions which included, "In that the plaintiff, John Kordik, carelessly and negligently failed to keep a proper lookout for vehicles moving in the roadway, including that of the defendant."

We have carefully examined the pleadings and the evidence to determine whether the defendant was identified as the driver of the vehicle which struck the plaintiff. Dolski testified that the automobile that struck plaintiff was a 1959 or 1960 Chevrolet convertible. By her answer the defendant admitted that at the time and place of the occurrence she owned or possessed a 1960 Chevrolet convertible "which automobile defendant was driving in a southerly direction, along and upon Austin Avenue, toward, near, and at the place where plaintiff was walking as aforesaid." She denied that she was guilty of any careless, negligent or unlawful conduct as charged and that any injury the plaintiff may have sustained was due and is a proximate result of his own careless and negligent conduct by reason of his walking on the roadway without facing oncoming traffic in violation of specified City ordinances.

Section 40 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 40) provides that the answer must contain an explicit denial of each allegation to which it relates. This section also provides that every allegation not ex-

plicitly denied is admitted unless the defendant's pleading states that he has no knowledge thereof. In our opinion, if the defendant in the case at bar had affirmatively sought to refute the allegation that her car struck the plaintiff, then under the circumstances shown by the record she should have definitely and not evasively made this an issue in her answer. We hold under the circumstances revealed by the record that the defendant admitted being the driver of the car that struck the plaintiff.

■ ■ The defendant also maintains that the trial court erred in denying defendant's motions for a directed verdict and judgment notwithstanding the verdict on the ground that the plaintiff was guilty of contributory negligence as a matter of law. It is defendant's contention that the plaintiff, by walking along Austin Avenue in a southerly direction in the southbound lane of traffic with his back toward the approaching traffic, violated the purpose of a state statute, Ill Rev Stats 1961, c 95½, par 175, and an ordinance of the City of Chicago, Chicago Municipal Code, c 27, § 286, and thus, is guilty of contributory negligence as a matter of law. The defendant cites Janovicz v. Schiesher, 350 Ill App 499, 113 NE2d 77, in support of her contention. A careful reading of the Janovicz case reveals, however, that the Appellate Court merely stated that the purpose of the above-mentioned statute is to require pedestrians on a highway, while walking, to keep to the left of the paved portion, facing approaching traffic. The Court did not state that a violation of the statute would render a plaintiff guilty of contributory negligence as a matter of law, nor did the Court so hold. After examining the authorities cited by the plaintiff and the defendant on this point, we conclude that the opposite of the defendant's contention is actually the law in Illinois. (Blumb v. Getz, 366 Ill 273, 8 NE2d 620; Rowley v.

Rust, 304 Ill App 364, 26 NE2d 520), and that one who violates the above statute is not guilty of contributory negligence as a matter of law. We also find that the defendant was not entitled to a directed verdict or a judgment notwithstanding the verdict under Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504, in that we believe a verdict in favor of the plaintiff could stand when viewing the evidence most favorably to the plaintiff.

We turn now to the question of whether the court correctly directed a verdict in favor of the plaintiff on the issue of liability. The defendant urges that a fact question exists in regard to plaintiff's contributory negligence which warrants that the issue be presented to the jury. We are in accord.

■ At the close of plaintiff's evidence the defense counsel moved for a directed verdict. This was denied. The record reveals that the court on its own motion directed a verdict of liability and submitted to the jury the question of damages only. It was error to do so and we hold that the question of plaintiff's due care in this case was clearly a question of fact to be presented to the jury. Jines v. Greyhound Corp., 33 Ill2d 83, 210 NE2d 562.

■ The plaintiff states in his brief that by virtue of the pleadings and the evidence, plaintiff established a prima facie case. Since the defendant introduced no evidence, the plaintiff maintains he is entitled to a directed verdict as to liability. No case has been cited to support this theory and we hold that it is not and never has been the law.

The judgment of the Circuit Court is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

ADESKO, P. J. and MURPHY, J., concur.