WILLIE BELLE GLENN, Plaintiff-Appellant, *v.* SURVILLAR MOSLEY, Defendant-Appellee.

First District (3rd Division)  No. 61162

Opinion filed June 3, 1976.

Sheldon Hodes and William J. Harte, both of Chicago, for appellant.

John P. McGahey, of Garbutt and Jacobson, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, Willie Glenn, was injured when a car in which she was riding was struck from the rear by an automobile allegedly driven by the defendant, Survillar Mosley. At the close of the plaintiff's case, the trial court directed a verdict for the defendant. Mrs. Glenn appeals from this order and from the denial of her post-trial motions, contending that her evidence was sufficient to establish a prima facie case of negligence.

Albert Beason testified that on July 30, 1970, he drove Mrs. Glenn to work in his auto. At the intersection of Marquette Road and Woodlawn Avenue, Chicago, his eastbound auto was struck from the rear while he was waiting for a red light to change. He said that he had been standing still for 15 seconds or more prior to the impact and that his auto was pushed five or six feet forward by the force of the collision. He said the traffic was light and that no other motor vehicles were involved in the collision. Beason got out of his auto and talked to the woman who was the driver of the car that hit him. At first, he said that he had forgotten the woman's name, but in response to a leading question by the plaintiff's attorney he replied that he thought her name was Mosley. The court sustained a defense objection to the question and instructed the jury to disregard Beason's supposition about the woman's name.

Beason was the plaintiff's only witness on the issue of liability because Mrs. Mosley had died in 1971, and the court ruled that Mrs. Glenn was precluded from testifying by reason of the "Dead Man's Act" (Ill. Rev. Stat. 1971, ch. 51, par. 2).

In granting the defendant's motion for a directed verdict at the conclusion of the plaintiff's case, the court ruled that Mrs. Glenn had produced no evidence of negligence and no evidence identifying Mrs. Mosley as the driver of the car that injured her. Mrs. Glenn argued that the pleadings made up for the deficiency in the evidence. The court examined the pleadings and held that while Mrs. Mosley's answer

admitted that she was operating the car, it specifically denied that her car collided with the auto in which Mrs. Glenn was riding.

Mrs. Glenn's complaint, which contained five numbered paragraphs, stated in the first paragraph that on July 30, 1970, she was a passenger in an automobile traveling in an easterly direction along Marquette Road at or near Woodland [Woodlawn] in Chicago, and that she was exercising due care and caution. Mrs. Mosley's answer stated that the plaintiff was an occupant, not a passenger, in the automobile and that she was not exercising care and caution for her own safety.

Paragraph 2 of the complaint alleged:

> "At the aforementioned time and place, the Defendant SURVILLAR MOSLEY, owned a certain motor vehicle which she was then operating in an easterly direction on Marquette Road."

The answer admitted these allegations.

Paragraph 3 of the complaint alleged that it was the duty of the defendant to exercise reasonable care towards the plaintiff, and paragraph 4 alleged that notwithstanding this duty, the defendant committed certain specified negligent acts of commission or omission. The answer denied the allegations in paragraphs 3 and 4.

Paragraph 5 of the complaint alleged:

> "That as a direct and proximate result of one or more of the foregoing acts of omission or commission the vehicle operated by the defendant did collide with the vehicle in which the plaintiff was riding, as a result of which the plaintiff sustained painful, serious and permanent injuries."

The answer stated: "The defendant denies the allegations of paragraph 5."

It is to be noted that Mrs. Mosley admitted in her answer that she was operating her auto in an easterly direction "at the aforementioned time and place," that is on July 30, 1970, on Marquette Road near Woodlawn Avenue—the place where the plaintiff was injured. Her answer also asserted that Mrs. Glenn was an occupant rather than a passeger in the car in which she was riding, and that Mrs. Mosley was exercising due care at the time of the accident, but that Mrs. Glenn was not. These admissions and assertions placed Mrs. Mosley at the scene of the collision and indicate that she had some knowledge about Mrs. Glenn and the circumstances surrounding her injury.

It is also to be noted that Mrs. Mosley's answer to paragraph 5 of the complaint made no clear-cut, direct denial that her auto collided with that of the plaintiff. All that it really did was to deny that she was guilty of the particular acts of negligence which the plaintiff charged resulted in the collision and her injuries.

The pleadings in *Kordik v. Kenar* (1969), 112 Ill. App. 2d 371, 375, 251 N.E.2d 380, were similar to those in the present case, and *Kordik* is cited by Mrs. Glenn as being directly on point. In *Kordik*, the plaintiff was struck from the rear by an auto while walking in the street with his back to oncoming traffic. Neither he nor an occurrence witness could identify the driver of the auto that struck him. Because of the absence of identifying evidence the defendant contended that the court erred in denying her motion for a directed verdict, and argued that her answers to the allegations made in the plaintiff's complaint could not be construed to be an admission that she was the driver of the auto involved in the accident. This court held that they could. Her answer admitted that she was driving along the same street, in the same location and in the same direction as the plaintiff was walking just prior to being struck; she denied that the plaintiff was in the exercise of due care at the time of the occurrence and averred that she was not guilty of negligent conduct. In rejecting her contention, this court held:

> "Section 40 of the Civil Practice Act [citation] provides that the answer must contain an explicit denial of each allegation to which it relates * * *. In our opinion, if the defendant in the case at bar had affirmatively sought to refute the allegation that her car struck the plaintiff, then under the circumstances shown by the record she should have definitely and not evasively made this an issue in her answer. We hold under the circumstances revealed by the record that the defendant admitted being the driver of the car that struck the plaintiff."

Although the defendant's admissions in *Kordik* were more inculpatory than those in the case before us (witnesses testified that the plaintiff was hit by a 1959 or 1960 Chevrolet convertible and the defendant's answer admitted that she owned a 1960 Chevrolet convertible; and her answer asserted that the plaintiff was injured through his failure to keep a proper lookout for vehicles moving on the street, "including that of the defendant") the fundamental holding in *Kordik* is applicable here. It was a reasonable inference from the evidence and from the admissions in Mrs. Mosley's answer that she drove the vehicle that collided with the one in which Mrs. Glenn was riding. Whether she did or not was a factual rather than a legal question and one that should have been left to the jury to decide.

The question of whether Mrs. Mosley was negligent is a separate issue and this issue also should have been submitted to the jury for its consideration.

■■ A motorist must operate his vehicle in such a fashion as not to endanger others who are rightfully on the highway and if he fails to do so

he is liable for injuries proximately resulting from his negligence. He is bound to anticipate the presence of other vehicles on the highway and he must maintain a proper lookout for these vehicles whether they are moving or standing. (*Hogrefe v. Johnson* (1933), 271 Ill. App. 469; *Waldron v. Hardwick* (1968), 99 Ill. App. 2d 36, 240 N.E.2d 772.) A motorist who does not maintain a proper lookout for traffic ahead is negligent (*Conner v. McGrew* (1961), 32 Ill. App. 2d 214, 177 N.E.2d 417), and it may be negligence per se if he drives his vehicle at such speed that it cannot be stopped within the distance that objects can be seen ahead of it. See *Moyer v. Vaughn's Seed Store* (1926), 242 Ill. App. 308.

■■ In rear-end collisions, the question of negligence must be decided on the particular facts of each case, but, generally, a party who collides with a stopped vehicle is guilty of negligence as a matter of law. (See *Nei v. Contracting & Material Co.* (1968), 93 Ill. App. 2d 226, 236 N.E.2d 264.) A driver approaching from the rear has the duty to keep a safe lookout to avoid colliding with the vehicle ahead and he must take into account the prospect of having to stop his car suddenly. (*Apato v. Be Mac Transport Co.* (1972), 7 Ill. App. 3d 1099, 288 N.E.2d 683.) If he is approaching an intersection he must operate his car at a speed which is reasonable under the circumstances and he is obliged to exercise the care required to avoid collisions with other vehicles. *Kocour v. Mills* (1959), 23 Ill. App. 2d 305, 162 N.E.2d 497.

There is no violation of duty by a driver who stops his automobile in a traffic holding situation. (*Peithman v. Beals* (1968), 103 Ill. App. 2d 138, 242 N.E.2d 476.) Beason's testimony established the fact that his car was stopped at a red light. It was in a position where it had a right to be and it definitely showed that Mrs. Glenn, his passenger, was free of contributory negligence. It can be inferred from the fact that he had been standing still for 15 seconds, that the driver of the auto behind him was not keeping a proper lookout, and it can be reasonably inferred from the force of the impact—his car was pushed forward five to six feet—that the auto was traveling faster than it should have been under the circumstances. If Beason's car had not interfered with its progress it seems probable that the auto would have gone through the red light and into the intersection.

■■ Furthermore, the accident occurred in daylight—at 10:30 in the morning; the traffic was not heavy and only one car other than Beason's was involved in the accident. The weather was dry and so was the pavement. All these facts indicate that Mrs. Mosley was driving too fast for the prevailing conditions or that she did not have her auto under proper control. Obviously, when this evidence is viewed in its aspects most favorable to Mrs. Glenn it does not sustain Mrs. Mosley's contention

that a prima facie case of negligence was not proved. A verdict, therefore, should not have been directed in her favor.

The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.