HELEN KENT, Plaintiff-Appellant, *v.* KNOX MOTOR SERVICE, INC., *et al.*, Defendants-Appellees.

Third District    No. 80-356

Opinion filed April 22, 1981.

224

Patrick T. Moos, of Smith, Moos, Schmitt & O'Brien, Ltd., of Peoria, for appellant.

Edward R. Durree, of Strodel & Kingery Associates, of Peoria, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This appeal stems from an automobile accident which occurred on December 12, 1978, at approximately 2:50 p.m. on State Route 29 between the cities of Peoria and Sparland. At this time and at a location north of a railroad overpass a semi-trailer truck was stopped on the highway while waiting to make a left turn. The plaintiff, Helen Kent, brought her automobile to a stop behind the waiting semi-trailer truck.

The defendant Charles Fatheree, driving a semi-trailer truck for his employer, the defendant Knox Motor Service, Inc., was proceeding north (the same direction the plaintiff was traveling), exited the city of Chillicothe, guided his vehicle through two railroad overpasses, or under-

passes, depending upon whether the same are used by the railway or by a motor vehicle traveling on the highway. Upon clearing the last underpass he met oncoming traffic and water on the highway. The defendant Fatheree reduced the speed of his vehicle, attempted evasive action to the extent of intentionally "jackknifing" the semi-trailer, but all to no avail in that the left rear drive tire of his rig struck the rear bumper of the plaintiff's automobile.

The record further discloses that at all times the defendant Fatheree was operating his vehicle within the speed limit and that prior to the collision no brake lights were showing on the plaintiff's vehicle and that the plaintiff's vehicle was so positioned as to block from the view of Fatheree any brake lights which might have been in operation on the semi-trailer stopped on the highway in front of the plaintiff.

After trial by jury a verdict was returned for the defendant. The jury answered a special interrogatory of the defendant on the issue of contributory negligence by finding that the plaintiff was not guilty of contributory negligence.

Further facts and the rulings of the trial court will be set forth as they become pertinent to the determination of the issues in this appeal.

During the course of the trial the plaintiff attempted to introduce testimony by an Officer Britton regarding an experiment which had been conducted by him to determine the extent of defendant Fatheree's visibility immediately prior to the collision. The trial court denied the admissibility of this evidence on the grounds that the experiment did not create conditions substantially similar to those which existed at the time of the collision. The plaintiff assigns as reversible error the trial court's ruling denying the admissibility of Officer Britton's testimony.

■■ Admissibility of experimental evidence is a matter within the discretion of the court to decide in light of all facts and circumstances. (*Terrell v. Lovelace* (1978), 65 Ill. App. 3d 332, 382 N.E.2d 135; *Schofield v. Crandall, Inc.* (1974), 24 Ill. App. 3d 101, 319 N.E.2d 585.) The narrow issue to be determined is whether in the instant case the trial court abused its discretion by its ruling. In making this determination we direct our attention to and examine the testimony proffered to the trial court which related to the experiment conducted by Officer Britton.

Britton, in an offer of proof, testified that in conducting his experiment he used a "GMC Astro 95" semi-tractor. The defendant Fatheree was driving a "Ford W 9000" semi-tractor when the collision occurred. Upon being cross-examined, Britton acknowledged that he had never been in a "Ford W 9000" semi-tractor and that he did not know the height difference between a "Ford W 9000" semi-tractor and a "GMC Astro 95" semi-tractor. The defendant Fatheree, a professional truck driver with 27 years' experience, testified that he was familiar with both the "Ford W

9000" and the "GMC Astro 95" semi-tractors and that the Astro model is substantially lower than the Ford semi-tractor.

■■ As previously stated, the collision occurred close to 3 p.m. on December 12, 1978. Britton conducted his test at approximately 5:30 p.m. in the month of April. This court can, as apparently the trial court did, take judicial notice that in the State of Illinois there is a substantial difference in the amount of light available in the month of April as compared to the month of December. We further note that prior to the accident in question heavy traffic was encountered and that water from melting snow was flowing across the highway.

■■■ While in most instances it would be difficult if not impossible to conduct a test with conditions identical with those present at the time of an accident, it must be shown that the essential conditions were the same. (*Mack v. Davis* (1966), 76 Ill. App. 2d 88, 221 N.E.2d 121.) In the instant case the essential conditions, to wit, type of vehicle, light conditions, and conditions of the highway at the time of the test were not the same nor substantially the same as those present when the accident occurred. The case of *Mack* sets forth a higher standard than that set forth in *Terrell* and *Schofield* in that essential conditions must be the same, while in the latter cited cases the standard is that conditions or circumstances must be substantially the same. By either standard we cannot and do not fault the trial court's ruling in denying admissibility of Britton's testimony relating to the test he conducted. Essential elements or conditions at the scene of the test were not slightly different from those at the time of the accident, but on the contrary were substantially different and hence we find no abuse of discretion.

Plaintiff next argues that jury instruction No. 24 tendered by her should not have been refused by the trial court. The instruction in question reads as follows:

> "The defendants are sued as principal and agent. The defendant, Knox Motor Service, Inc., is the principal and the defendant, Charles Fatheree, is its agent. If you find the defendant, Charles Fatheree, is liable, then you must find that the defendant, Knox Motor Service, Inc., is also liable. However, if you find Charles Fatheree is not liable, then you must find that Knox Motor Service, Inc. is not liable."

■■ The record discloses that the trial court did accept and give two other instructions which properly covered the issue and subject matter covered in plaintiff's tendered instruction No. 24. The instructions given by the court were Illinois Pattern Jury Instructions, Civil. Where IPI instructions correctly and adequately charge the jury, the use of additional instructions is improper. (See Ill. Rev. Stat. 1979, ch. 110A, par. 239(a). See also *Christopherson v. Hyster Co.* (1978), 58 Ill. App. 3d 791, 805, 374 N.E.2d

858, 869, wherein the reviewing court stated: "No error is committed in refusing even instructions correctly stating the law where the instructions given do adequately instruct the jury.") No harm to the plaintiff's case resulted from the trial court's refusal to accept and give her tendered instruction No. 24.

Lastly, the plaintiff contends that the trial court erred in refusing to grant her motions for a directed verdict or judgment *n.o.v.* She asserts that based on the evidence the jury could only have found the defendant Fatheree guilty of negligence and therefore the trial court erred in denying her motions. The plaintiff cites the case of *Glenn v. Mosley* (1976), 39 Ill. App. 3d 172, 350 N.E.2d 219, for the proposition that a party who collides with a stopped vehicle is guilty of negligence as a matter of law. Plaintiff's reliance on the case of *Glenn* is misplacd. While the reviewing court did state that "* * * generally, a party who collides with a stopped vehicle is guilty of negligence as a matter of law" (39 Ill. App. 3d 172, 176, 350 N.E.2d 219, 222), the reviewing court's actual holding was a reversal of the trial court's granting of a directed verdict for the defendant and a remandment of the case for a new trial on all issues.

In determining the law applicable to the instant case we subscribe to that set forth in *Burgdorff v. International Business Machines Corp.* (1979), 74 Ill. App. 3d 158, 392 N.E.2d 183, wherein the appellate court states:

> "The occurrence of an accident, *even where the plaintiff has exercised ordinary care*, does not of itself raise any presumption of negligence on the defendant's part. [Citation.] A rear-end collision does not automatically create an inference as a matter of law that the driver of the rear car was negligent or that he was following too closely or driving too fast for conditions. It is the responsibility of the trier of fact to determine whether the rear driver, in such accidents, was acting reasonably under the circumstances, or that the accident was unavoidable." (Emphasis added.) 74 Ill. App. 3d 158, 163, 392 N.E.2d 183, 186.

The plaintiff argues that the effect of the jury finding her free from contributory negligence mandates a conclusion that there was no question of fact for the jury to decide and that she should have prevailed in regard to her motions for a directed verdict or judgment *n.o.v.* The law as set forth in *Burgdorff* clearly refutes this claim of the plaintiff.

The plaintiff would classify the instant case as one falling within the "*Pedrick* rule." (*Pedrick v. Peoria & Eastern Ry. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) We will forbear reiterating the facts. However, there is present a clear question as to the negligence issue which should have been submitted to the jury. The speed of the defendant, the road conditions, traffic problems, and his evasive albeit futile actions to avoid a collision

were all matters to be considered by a jury. This court in the case of *Wolfe v. Whipple* (1969), 112 Ill. App. 2d 255, 262, 251 N.E.2d 77, 80, stated as follows:

"It is recognized in the Pedrick case, that where a substantial factual dispute is disclosed by the evidence, either on the issue of plaintiff's due care or defendant's negligence, or where an assessment as to credibility of witnesses and an election between conflicting evidence may be decisive, the constitutional right of the parties to a jury determination should be carefully preserved, and it would be erroneous to direct a verdict in such case. The question, therefore, is whether the record in this case requires or justifies the direction of verdict."

■■ In light of this court's language in the case of *Wolfe* and the circumstances present in the instant case, we do not believe that the *Pedrick* case requires or authorizes a directed verdict or a judgment *n.o.v.*

For the reasons set forth the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.