(No. 80-CC-0952—)

NIEL P. HEWITT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 31, 1981.*

HUPP, IRION & REAGAN (GEORGE C. HUPP, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (ANDREW R. JARETT, Assistant Attorney General, of counsel), for Respondent.

Roe, C. J.

This is a claim brought by Niel P. Hewitt against the State of Illinois for $1,323.19, the amount of damages caused to a 1973 Ford automobile, as a result of being struck by a State of Illinois snowplow. Claimant has charged the State's employee with the negligent operation of the snowplow proximately causing the damage to Claimant's vehicle.

Following the Court's denial of Respondent's motion to dismiss, a hearing was held before the undersigned commissioner on May 12, 1981. In lieu of testimony, the parties stipulated to the facts of the accident in question, summarized as follows:

On January 26, 1978, at or about 12:00 p.m. (noon), Claimant was driving his then undamaged 1973 Ford Torino southbound on Route 88 near Manlius, Illinois. At a point approximately three miles north of Interstate 80, Claimant's vehicle became stuck in a large snowdrift in the southbound lane of traffic. Unable to move the car, Claimant left it in the southbound lane of traffic stuck in the snowdrift, began hitchhiking, and obtained a ride to a hotel three miles away.

At approximately 11:15 p.m. on January 27, 1978, almost 36 hours after Claimant abandoned his vehicle, a State snowplow, being operated by State employee Gail Glenn in the scope of his employment, was plowing snow off Route 88's north and southbound lanes, in the area north of Interstate 80.

After making a path through the northbound lane of Route 88, Glenn turned the plow around and made a

path through the southbound lane. Shortly thereafter, Mr. Dick Bussan, supervisor of operations, drove through the area, discovered Claimant's vehicle buried in the snow, called a tow truck, and discovered that the vehicle was damaged, apparently struck by the State snowplow.

The particular snowdrift that Mr. Glenn was trying to remove from Route 88 at the time of the accident was approximately 350 feet in length. It covered both lanes of traffic and was approximately 10 feet in height. It was beneath this drift that Claimant's abandoned vehicle was completely buried. Neither the vehicle or any part of it was visible to Mr. Glenn or his passenger, State employee Jim Norway, prior to the accident.

The parties have waived briefs and have agreed that the case should be decided on the foregoing stipulated facts presented at the hearing on May 12, 1981.

It is clear that the Respondent had a perfect right to be operating its snowplow on Route 88 at the time of the accident. In fact, the act of removing snow from State highways is surely in furtherance of the legal duty imposed upon the State to keep highways reasonably safe for use as highways. *Reidy v. State of Illinois*, 31 Ill. Ct. Cl. 16.

Operators of State vehicles, however, are charged with the same duty of care as other drivers upon the highways and are liable for damages proximately caused by their negligent acts. (*Santiago v. State*, 31 Ill. Ct. Cl. 332.) The question in the case at bar is whether Respondent's employee, Mr. Glenn, was in the exercise of ordinary care before and at the time his plow struck Claimant's vehicle.

It is apparent from the stipulated facts, that at the time of the collision, Claimant's vehicle was completely

buried in a snowdrift, directly in the southbound lane of traffic. The vehicle was wholly concealed from the view of Mr. Glenn as he was attempting to clear Route 88 for traffic. In light of these facts, it is the finding and the opinion of the undersigned commissioner that a finding of negligence against Respondent's employee, Mr. Glenn, is not warranted.

The accident in question was a rear-end collision, Mr. Glenn being the rear driver. While it was usually thought that rear drivers were guilty of negligence as a matter of law as to their collision with front vehicles, that is no longer the law. (*Glenn v. Mosley* (1976), 39 Ill. App. 3d 172, 350 N.E.2d 219.) The present view as to rear-end collisions was stated in *Burgdorff v. International Business Machines Corporation* (1979), 74 Ill. App. 3d 158, 163, 392 N.E.2d 183:

"A rear-end collision does not automatically create an inference as a matter of law that the driver of the rear car was negligent, or that he was following too closely or driving too fast for conditions. It is the responsibility of the trier of fact to determine whether the rear driver, in such accident, was acting reasonably under the circumstances, or that the accident was unavoidable."

A driver's duty of reasonable care, or course, includes keeping a proper lookout for other vehicles and keeping his vehicle under such control as to avoid collisions with other vehicles rightfully on the highway. It cannot be said, however, that a driver, such as Mr. Glenn in the instant case, has acted unreasonably where he has collided with a concealed vehicle located directly in the lane of traffic. A driver's duty to keep a proper lookout means that he is bound to see that which he clearly should see and see nothing more. (*Payne v. Kingsley* (1965), 59 Ill. App. 2d 245, 207 N.E.2d 177.) A driver is also bound to drive at such a speed and keep his vehicle under such control that it can be safely stopped within the distance that objects can be seen ahead. (*Glenn v. Mosley* (1976),

39 Ill. App. 3d 172, 350 N.E.2d 219.) In short, it is not unreasonable in situations such as the one at bar, to fail to see that which is not visible. See *Yanuskis v. State*, 31 Ill. Ct. Cl. 377, and *Kent v. Knox Motor Service, Inc.* (1981), 95 Ill. App. 3d 223, 419 N.E.2d 1253.

The Court hereby finds that Respondent's employee, Mr. Glenn, was not negligent. To hold that he was would place upon the State the impractical burden of searching through massive snow drifts for abandoned vehicles concealed on the highway's lane of travel prior to snow removal operations.

In light of the foregoing, it is not necessary to discuss the issue of Claimant's own negligence, and its possible effect on a question of damages.

It is hereby ordered that Mr. Hewitt's claim against the State be, and hereby is, denied.