(No. 5989—)

MARK YANUSHIS AND GRANE TRUCKING CO. Claimants, *vs.* STATE OF ILLINOIS Respondent.

*Opinion filed April 28, 1977.*

GORDON, BRUSTIN & SCHAEFFER, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; TERRY NORBET TAMILLOW, Assistant Attorney General, for Respondent.

SPIVACK, J.

The claim herein presented for consideration sounds in tort. More specifically, for personal injuries sustained by Claimant, Yanushis, and for property damage sustained by Claimant, Grane Trucking Company, all as a result of the alleged negligent operation of a patrol vehicle belonging to the Illinois Department of Law Enforcement while under the control of and being operated by Corporal Richard E. Johnson, a member of the said department.

Hearings were conducted before Commissioner J. Barry Fisher. The testimony introduced was of the individual Claimant, of a representative of the Claimant trucking company, of Corporal Johnson, of Robert Townsend (an independant eye witness), and of Barbara Prokopek (another independent eye witness). Additionally, various documents were received in evidence and are a part of the record.

The following salient facts herein summarized were established by Commissioner Fisher and duly reported to the Court:

On January 27, 1970, at about 11:00 a.m., a collision occurred between a semi-trailer belonging to Claimant Grane Trucking and being driven by its employee, Claimant Mark Yanushis, and a patrol vehicle belonging to the Illinois Department of Law Enforcement and being driven by its servant, Corporal Johnson. The accident occurred in the westbound lane of Route 72, approximately one-half mile east of Route 53.

At that point Route 72 runs in a generally east-west direction.

The uncontroverted testimony indicates that the day was clear and bright, the road dry and the visibility excellent. Sometime prior to the accident Corporal Johnson was dispatched to the above mentioned location on Route 72 to direct traffic in order to effectuate the moving of a house trailer. When Corporal Johnson arrived a large tow truck which was to be used to move the house trailer was already parked on the south shoulder of Route 72.

Subsequent to Corporal Johnson's arrival both the tow truck and the State patrol vehicle were moved to the north shoulder. Both vehicles were now facing in a westerly direction with the patrol vehicle in front of the tow truck. After the vehicles were moved to the north shoulder, the flashing amber lights of the tow truck and the mars lights of the patrol vehicle were turned on and remained on at the time of the occurrence resulting in this action.

Mark Yanushis was driving a tractor-trailer in a westerly direction on Route 72. As he approached the parked vehicles on the north shoulder he admitted that he saw the tow truck, although stated that he saw no flashing amber lights on the tow truck, and he further stated that he saw no other vehicles parked on the north shoulder nor did he see any persons on the highway itself.

The State presented testimony of three witnesses that prior to the Claimant's approach Corporal Johnson had stopped eastbound traffic and that as Claimant came into view Corporal Johnson was standing in the center of Route 72 facing the westbound traffic. Further, this uncontroverted testimony indicated that Corporal

Johnson had both hands and arms raised indicating to the westbound traffic to come to a complete stop.

The testimony of the State's witnesses is, and the Claimant himself admits, that he slowed down. Corporal Johnson then stated that he thought the Claimant understood that traffic was being stopped, and hence the Corporal moved from the center of the road to his patrol car in order to pull his patrol car to the middle of the road to act as a barricade as the house trailer was moved onto the road. Witness Townsend remained in the middle of the highway, facing east, arms outstretched toward westbound traffic.

Claimant testified that he did not see either Corporal Johnson or Townsend in the middle of the road but only slowed down upon seeing the tow truck on the shoulder.

Although the Claimant slowed down, he never came to a complete stop and was unable to avoid a collision with the patrol car which Corporal Johnson had just moved from the north shoulder to the middle of the road.

Just before the actual impact, Witness Johnson ran from the middle of the highway when the vehicle of the Claimant was between 25 to 50 feet from him.

Claimants' first burden in proving liability against the State is to show by a preponderance of the evidence that they were free from contributory negligence and were in the exercise of due care and caution for the safety of their persons and property. *Wasilkowski vs. State,* Ill.Ct.Cl. (August 6, 1973); *Weygandt vs. State,* 23 Ill.Ct.Cl. 478.

Claimant Yanushis has failed entirely to sustain this initial evidentiary burden. No reasonable explanation is given for his failure to observe the State Trooper

standing arms outstretched in the middle of the highway; no reasonable explanation is given for his failure to observe Townsend also standing in the middle of the highway within, at one point, 25 to 50 feet of him; no reasonable explanation is given for this failure to observe the flashing lights on the tow truck or the rotating mars light on the patrol vehicle which at impact was straddling the westbound lane. The *only* explanation given is that Claimant Yanushis simply did not see these various things. It is clear that the law imposes upon a motorist a duty to at all times maintain a proper lookout. This duty involves more than merely looking. It involves seeing what is clearly visible. *Herald vs. Weitzenfeld,* 351 Ill.App. 193; *Krea vs. Ricci,* 14 Ill.App.3d 904. Claimant Yanushis may have looked but certainly did not see what was ahead. Thus, he failed in his legal duty to maintain a proper lookout and was himself negligent.

Claimant Grane Trucking Compony is bound by the contributory negligence of its agent and servant, Yanushis. No testimony was offered that Yanushis was an independent contractor or had some other relationship to Grane Trucking which would negate the imputability of negligence.

In view of our opinion that Claimants did not prove by a preponderance of the evidence their freedom from contributory negligence it is not necessary to determine whether on the evidence presented Claimants sustained their additional burdens of proof relative to Respondent's negligence, proximate cause, and the like.

The claim is hereby denied.